## STATE v. MACK DUNLAP, JR.

### (Filed 10 April, 1912.)

1. **Recorder's Courts—Statutory Misdemeanors—Second Offense—Indictment—Presumptions.**

   When the Legislature had conferred original, exclusive jurisdiction upon a recorder's court of an incorporated city or town, of larceny of goods not exceeding $20 in value, for the first offense committed, making it a petty misdemeanor, punishable by imprisonment in the county jail or on the public roads not exceeding a longer period than a year, and a conviction is had thereunder, it is presumed, upon the failure of the warrant to charge a second offense, that the conviction was for the petty misdemeanor within the terms of the statute.

2. **Recorder's Court—Appeal and Error—Superior Court—Trial by Jury—Constitutional Law.**

   When the statute confers jurisdiction on ·a recorder's court of an incorporated city or town of larceny of goods not exceeding $20 in value, for the first offense, making it a petty misdemeanor punishable by imprisonment in the county jail or on the public roads for not exceeding one year, and provides for an appeal, an indictment by the grand jury of the · Superior Court is dispensed with, the ,right to a jury trial is preserved in that court to be had upon the warrant of the recorder, and the act is constitutional and valid.

3. **Recorder's Court—Statutory Misdemeanors—Felonies—Constitutional Law.**

   A statute is constitutional and valid which makes the offense of larceny of goods of not more than $20 in value, for the first offense, a petty misdemeanor, and confers jurisdiction thereof on a recorder's court of an incorporated city or town, and by the terms of the act makes the offense punishable in the county jail or on the public road for a period not exceeding a year.

WALKER and ALLEN, JJ., concurring in result.

APPEAL from *Whedbee, J.,* at January Term, 1912, of UNION.·

The defendant was charged in the Recorder's Court of Monroe Township with larceny of some corn, charged in the warrant to be of less value than $20. The defendant was convicted, and appealed to the Superior Court. In the Superior Court he was convicted and sentenced to jail for four months. The defendant appealed to the Supreme Court.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*J. J. Parker for the defendant.*

BROWN, J. 1. It is contended by the defendant that the recorder's court had no jurisdiction of the offense charged in the warrant. The Recorder's Court of the City of Monroe was created by chapter 860, Public Laws of 1907.

By section 4 (5) the court was given "exclusive, original jurisdiction to hear and determine all other criminal offenses committed within the county of Union below the grade of felony as now defined by law, and all such offenses committed in the county of Union are hereby declared to be petty misdemeanors."

The statute was amended by chapter 683 of the Laws of 1909, the first section thereof providing: "That in all cases of larceny and receiving stolen property hereafter committed in the county of Union, where the value of the property alleged to have been stolen or received does not exceed the sum of $20, the punishment for the first offense shall not exceed imprisonment in the county jail or on the public roads a longer period than one year, and all such offenses hereafter committed in said county are hereby declared petty misdemeanors, and the recorder's court shall have original jurisdiction thereof: *Provided,* the right of appeal shall not be impaired."

It is manifest that the offense charged in the warrant was within the jurisdiction of the recorder's court, because the punishment was not in the penitentiary, and while the offense of larceny is generally a felony, yet the General Assembly has made the larceny of sums not exceeding the value of $20 a petty misdemeanor·for the first offense.

STATE *v.* DUNLAP.

It is true that the warrant does not charge that this was the first offense, but that is presumed by law, for when the State desires to punish as for second conviction, the first conviction should be charged in the warrant or bill of indictment. *S. v. Davidson,* 124 N. C., 839.

A similar act relating to the Recorder's Court of Winston, was enacted in 1907, chapter 573. By that act larceny of goods less than $10 in value was made a petty misdemeanor. The constitutionality of the act was sustained in *S. v. Jones,* 145 N. C., 460, and it was held that upon appeal to the Superior Court from the judgment of the recorder's court an indictment by the grand jury of the Superior Court is dispensed with, and that the charge may be tried by the petit jury upon the warrant of the recorder.

2. It is contended that the defendant is denied his right of trial by a jury by this act. This contention has been decided adversely to the defendant in a number of cases. It is well settled by these decisions that the Legislature has the constitutional power to create recorder's courts and to give them original jurisdiction over all criminal offenses below that of felony, and declare them to be petty misdemeanors. *S. v. Collins,* 151 N. C., 648; *S. v. Shine,* 149 N. C., 480; *S. v. Baskerville,* 141 N. C., 811; *S. v. Lytle,* 138 N. C'., 738.

In nearly all of these cases it is said that an indictment by a grand jury on appeal to the Superior Court is unnecessary. The questions raised upon this appeal have been so fully and thoroughly discussed in the cases cited that it is unnecessary now to repeat what is there so well said.

The judgment of the Superior Court is

Affirmed.

WALKER, J., concurring in result: I must concur in the opinion of the Court because so many cases have been decided to the same effect; but it must not be understood that I assent to the doctrine that the Legislature, under the article of our Constitution providing for the trial of petty misdemeanors, without a jury, but with the right of appeal, has the arbitrary right to declare what offenses shall be petty misdemeanors, so

STATE v. DUNLAP.

as to confer jurisdiction to try and condemn to infamous punishment without a presentment or indictment by a grand jury and a trial by a petit jury. What difference does it make that we call it a petty misdemeanor, when the crime is punished, upon conviction, with hard labor and with stripes—in other words, infamously and as a felony? It seems to me that it is calling a thing by the wrong name, and is violative, not only of the letter and spirit of the Constitution, but of the sacred rights of the citizen, as guaranteed by that instrument, and which guaranty existed long before it was adopted. By the use of the term "petty misdemeanor" was meant such offenses as were known, in the law, by that name at the time the Constitution was ratified, or offenses of a similar grade. I am not attempting to overthrow the decisions of this Court by argument or precedent—for if that was my purpose, I would proceed in a different way—but merely to enter my earnest dissent to the principle, so often announced, as subversive of the rights and liberty of the citizen, and especially of the consecrated right of trial by jury. If you can, by legislative enactment, make larceny a petty misdemeanor, why not manslaughter, perjury, and other offenses of a higher grade of criminality? But we have often decided that this can be done—that is, that certain offenses which are punished infamously, by hard labor and involuntary servitude, and in a way far more degrading than corporal punishment, can be declared petty misdemeanors. The misdemeanant is sent to the roads, and by the same kind of reasoning he may be sent to the penitentiary, because, at last, it all depends upon the legislative will as to what offenses shall be felonies and what misdemeanors. I think we should retrace our steps, and decide the question according to the plain meaning of the Constitution; but until this is done, I must abide by the precedents.

ALLEN, J., concurs in this opinion.