## STATE v. LEO PATTERSON.

(Filed 21 October, 1942.)

**Courts § 2a—**

> On appeal from the Superior Court of Craven County, from conviction of the unlawful possession of intoxicants, where the record shows that defendant was bound over to the county court of Craven County with no record of his having been tried in that court or that there was any appeal therefrom, the Superior Court is without jurisdiction, C. S., 4607, and upon motion of the Attorney-General, appeal dismissed.

APPEAL by defendant from *Frizzelle, J.,* at June Term, 1942, of CRAVEN. Appeal dismissed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*H. P. Whitehurst for defendant, appellant.*

SEAWELL, J. The defendant was convicted at the regular term of the Superior Court for the county of Craven on a charge of the unlawful possession for sale of three gallons of nontax-paid liquor. At the con-

clusion of the State's evidence, the defendant demurred to the evidence and moved for judgment as of nonsuit, which was denied.

Upon an inspection of the record, however, it appears that the defendant had a preliminary examination before a justice of the peace upon which probable cause was found, and he was required to make his personal appearance before the county court of Craven County for trial. It does not appear in the record that he was ever tried in that court or that there was any appeal therefrom to the Superior Court.

The law under which the county court of Craven County was organized purports to declare all crimes under the degree of felony petty misdemeanors and within the jurisdiction of that court, and gives it exclusive original jurisdiction of such offenses. When appeal is made to the Superior Court, that court, acting under its derivative jurisdiction, may try an offender upon the original warrant. Not so, however, in the exercise of its original jurisdiction. C. S., 4607. For this court, at least, it is "not otherwise provided by law," and the trial must be upon indictment.

It is possible, of course, that the defendant was regularly tried in the county court, appeal taken from conviction therein to the Superior Court, and the entire record with regard to the county court omitted from the transcript of this appeal. We cannot, however, speculate in this regard, but must base our decision upon the record as we find it. Since it appears that the defendant was not tried upon an indictment as required by law, this, standing alone, would deprive the court of power to impose a sentence and, nothing else appearing, would entitle the defendant to his discharge.

The Attorney-General, however, has moved to dismiss the appeal because the record does not disclose that the court which tried accused had jurisdiction. While some paradoxical situations have arisen in the application of the rule, it has, nevertheless, been considered essential that the jurisdiction of the trial court should be made to appear in order to sustain an appeal to this Court. Rule 19; *Spence v. Tapscott,* 92 N. C., 577; *S. v. Butts,* 91 N. C., 524.

Since upon the record it does not appear that the Superior Court tried the case under a jurisdiction derived by appeal from the county court— the only way in which such jurisdiction could have been acquired under this record—the motion to dismiss the appeal is allowed.

Appeal dismissed.