### STATE v. FLOYD MORRIS.

(Filed 9 April, 1952.)

**1. Criminal Law § 14—**

Where warrant is issued by a justice of the peace, returnable before the recorder's court, and there is nothing in the record to show how the case came to be on the Superior Court docket, the record fails to show jurisdiction in the Superior Court, and appeal to the Supreme Court must be dismissed.

**2. Criminal Law § 67—**

Where the Superior Court has no jurisdiction, the Supreme Court acquires no jurisdiction by appeal.

**3. Automobiles § 31b: Criminal Law § 56—**

A warrant charging that defendant was involved in an automobile accident and left the scene without complying with the statute, but failing to charge damage to property or injury to or death of any person in the accident, fails to charge any offense under G.S. 20-166.

**4. Criminal Law § 23—**

If defendant is tried under a fatally defective warrant the solicitor may proceed to prosecute under new pleadings, if so advised.

APPEAL by defendant from *Sink, J.,* September Term, 1951, RANDOLPH.

Criminal prosecution under G.S. 20-166, commonly known as the "hit and run" statute.

On 22 April 1951, a justice of the peace of Randolph County issued a warrant against defendant under G.S. 20-166, returnable before the recorder's court of Randolph County. At the September Term 1951 defendant was put on trial in the Superior Court on the charge that he, while driving a motor vehicle, was involved in an accident and left the scene without complying with the requirements of G.S. 20-166 (c).

There is a complete hiatus in the record. The judge in his charge refers to a bill of indictment, but there is no bill in the record. The war-

rant is included but there is nothing to show how the case came to be on the Superior Court docket or that the court below ever acquired jurisdiction.

In the trial below there was a verdict of guilty. The court pronounced judgment on the verdict and defendant appealed. In this Court the defendant moves in arrest of judgment.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Prevette & Coltrane for defendant appellant.*

BARNHILL, J. The record fails to disclose jurisdiction in the court below. *S. v. Patterson,* 222 N.C. 179, 22 S.E. 2d 267. As that court was without jurisdiction, in so far as this record discloses, we have none. *S. v. Jones,* 227 N.C. 94, 40 S.E. 2d 700. Therefore, the appeal must be dismissed on authority of *S. v. Patterson, supra.*

The Assistant Attorney-General who argued this case in behalf of the State, with commendable frankness, directed our attention to the insufficiency of the warrant. It fails to charge the commission of any criminal offense. However, it does not sufficiently appear that defendant was put on trial under the warrant rather than upon a bill of indictment as indicated by the charge of the court below. Therefore, we are without sufficient information to direct future proceedings in the court below further than to say that the court must dispose of the cause on the basis of the record there existing. If the defendant was put on trial under the warrant appearing in this record, the judgment entered must be arrested. *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166. On the other hand, if he was tried under a bill of indictment, he must comply with the judgment entered.

In the event it appears there was no bill of indictment, the solicitor may proceed to prosecute under new pleadings, if so advised. *S. v. Johnson,* 226 N.C. 266, 37 S.E. 2d 678; *S. v. Morgan, supra.*

Appeal dismissed.