## STATE v. RAY R. MILLER.

(Filed 25 March, 1953.)

**1. Criminal Law § 62a—**

Where a statute prescribes a higher penalty in case of repeated convictions for similar offenses, an indictment for a subsequent offense must allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute in order to subject the accused to the higher penalty, and when the indictment does not so charge, the court is without power in law to impose a judgment in excess of that prescribed for a first offense.

**2. Narcotics § 2—**

Where, in a prosecution for violation of G.S. 90-88 and G.S. 90-108 the indictment does not allege that either of the offenses charged was a second or subsequent offense, the court is without power to impose a punishment in excess of that prescribed by G.S. 90-111 for a first offense, and sentence in excess thereof upon the court's finding that defendant had theretofore

been repeatedly convicted of violations of the Uniform Narcotics Drug Act, must be vacated.   G.S. 15-147.

### 3. Same—

Punishment for violation of the Uniform Narcotics Drug Act is for a misdemeanor rather than a felony.   G.S. 90-111, G.S. 14-1.

### 4. Criminal Laws §§ 62a, 83—

Where the court imposes a sentence in excess of the limit prescribed by law, the prisoner is not entitled to a discharge or to a new trial, but the judgment will be vacated and the cause remanded for proper sentence, with allowance for the time already served.

PETITION for *certiorari.*

The petitioner, Ray R. Miller, who is hereinafter called the defendant, was arraigned at the March Term, 1951, of the Superior Court of Buncombe County upon a two-count indictment.   The first count charged him with unlawfully possessing narcotic drugs contrary to G.S. 90-88, and the second count charged him with unlawfully possessing implements adapted for the use of habit-forming drugs by subcutaneous injections for the purpose of administering habit-forming drugs in violation of G.S. 90-108. The indictment did not allege that either of the offenses charged was a second or subsequent offense.

The defendant entered a general plea of guilty.   Judge J. C. Rudisill, who presided, thereupon found "as a fact that this defendant has been indicted four or five times heretofore for violation of the drug act," and pronounced judgment as follows:

1. "It is . . . the judgment of the court on the first count . . . for the unlawful possession of narcotics . . . that the defendant be confined in the State's Prison at Raleigh for a term of not less than four nor more than five years."

2. "On the second count, it is the judgment of the court that the defendant be confined in the State's Prison at Raleigh for a period of five years.   This sentence is to take effect at the expiration of the sentence imposed herein on the first count . . . and not to run concurrent therewith, and is suspended for a period of five years on condition that the defendant be of good behavior, that he do not use, possess, or in any way deal in narcotics of any kind for said suspended period."

The defendant is now serving the sentence imposed upon him on the first count.   He brings this cause before us without the assistance of counsel on a petition for *certiorari* alleging that the judgment pronounced against him on each count exceeds the limit permitted by law for the offense charged.

*R. Brookes Peters, Laurence J. Beltman, and E. W. Hooper for Walter F. Anderson, Director of Prisons, State of North Carolina, respondent.*

ERVIN, J.   G.S. 90-88 and G.S. 90-108 constitute parts of the Uniform Narcotic Drug Act, which is codified as Article 5 of Chapter 90 of the General Statutes.   G.S. 90-111 provides that "any person violating any provision of this article shall, upon conviction, be punished for the first offense by a fine not exceeding one thousand ($1,000.00) dollars or by imprisonment for not exceeding three years, or both; and for any subsequent offense by a fine not exceeding three thousand dollars ($3,000.00) or by imprisonment for not exceeding five years, or both."

Where a statute prescribes a higher penalty in case of repeated convictions for similar offenses, an indictment for a subsequent offense must allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute in order to subject the accused to the higher penalty.   G.S. 15-147; *S. v. Fowler,* 193 N.C. 290, 136 S.E. 709; *S. v. Walker,* 179 N.C. 730, 102 S.E. 404; *S. v. Dunlap,* 159 N.C. 491, 74 S.E. 626; *S. v. Davidson,* 124 N.C. 839, 32 S.E. 957. Since the indictment did not allege that either of the offenses charged was a second or subsequent offense, the court was without power in law to impose a judgment on either count in excess of that prescribed by G.S. 90-111 for a first offense.

It is to be observed, moreover, that persons violating the provisions of the Uniform Narcotic Drug Act are not punishable "by either death or imprisonment in the State's Prison."   G.S. 90-111.   This being true, they must be punished as misdemeanants rather than as felons.   G.S. 14-1.

Despite these considerations, the defendant is not entitled to either a discharge or a new trial.   His plea of guilty is valid.   In consequence, the judgment on each count is set aside, and the cause is remanded to the Superior Court of Buncombe County for proper sentence on each count. When the court below pronounces judgment anew, it will give the defendant credit for the time he has served in execution of the judgment on the first count which is hereby vacated.   *In re Sellers,* 234 N.C. 648, 68 S.E. 2d 308.

To the end that this decision may be effectuated without delay, the Clerk of this Court will certify a copy of this opinion to the solicitor of the solicitorial district embracing Buncombe County, and the Director of the State Prison will deliver the defendant into the custody of the Sheriff of Buncombe County.

Error and remanded.