STATE v. PAUL STONE.

(Filed 21 November, 1956.)

**1. Criminal Law § 17b—**

A plea of guilty is equivalent to a conviction.

**2. Criminal Law § 17c—**

A plea of *nolo contendere* authorizes the court in that particular case to pronounce judgment as though there had been a conviction by verdict or plea of guilty, but a plea of *nolo contendere* cannot be used against the defendant as an admission of guilt in a subsequent civil or criminal action.

**3. Criminal Law § 62h—**

An indictment must charge that the offense is a second or subsequent offense within the meaning of the statute prescribing a higher penalty in case of repeated convictions in order for a defendant to be subject to the higher penalty. G.S. 15-147.

**4. Same—**

A transcript of a duly certified record of a prior conviction and proof of the identity of defendant as the person therein convicted is sufficient to be submitted to the jury for the purpose of imposing a higher penalty for repeated offenses under provision of statutes. G.S. 15-147.

**5. Same: Automobiles § 75—**

A plea of *nolo contendere* in a prosecution for driving while under the influence of intoxicating liquor may not be made the basis for a higher penalty in a subsequent prosecution. G.S. 20-179.

**6. Same—**

Where an indictment for driving a motor vehicle while under the influence of intoxicating liquor charges that defendant had theretofore been twice convicted for like offenses, but the proof discloses that defendant had entered a plea of *nolo contendere* in one of the prior instances, the court should not submit such instance to the jury, and the court's action in admitting evidence thereof must be held prejudicial since it may have influenced the jury and also the court in fixing punishment.

**7. Automobiles § 72—**

Where the State's evidence is amply sufficient to be submitted to the jury on the question of defendant's guilt of operating an automobile on the highways of the State while under the influence of intoxicating liquor, and is also sufficient as to defendant's prior conviction for a like offense, the fact that the evidence is insufficient as to a second prior conviction alleged in the indictment, does not justify nonsuit, since the entire case does not stand or fall upon whether the State had established beyond a reasonable doubt that the defendant was convicted on each and all the prior occasions alleged in the warrant or indictment.

**8. Criminal Law § 62h—**

In a prosecution under indictment charging prior offenses as a basis for a higher penalty, the court should submit the question of defendant's guilt

of the offense charged, and then whether they further find that defendant had theretofore been convicted of one or more of the alleged prior violations of the applicable statute.

JOHNSON, J., not sitting.

APPEAL by defendant from *Hobgood, J.,* July-August, 1956, Criminal Term, of LEE.

Criminal prosecution on bill of indictment charging that defendant on 13 July, 1956, "did unlawfully and willfully drive a motor vehicle upon the public highways within the County and State aforesaid while then and there being under the influence of intoxicating liquor or narcotic drugs, same being his third offense he having been *convicted* thereof in the County Criminal Court of Lee County, N. C., at Sanford, N. C., on the 10th day of January, 1950, and in the County Criminal Court of Lee County, N. C., at Sanford, N. C., on the 10th day of April, 1956, . . ." (Italics added.)

The only evidence was that offered by the State.

There was evidence tending to show that defendant, about 8:30 a.m. 13 July, 1956, was driving an automobile along the right side of McIver Street in Sanford, N. C.; that he pulled across to his left, coming to a stop "more or less diagonally," two feet or more from the curbing; that the parking zone at this point was parallel with the curbing; that in so driving and stopping he attracted the attention of police officers; that, after so stopping, defendant got out of the car and went towards the sidewalk, stumbling on the curb; that defendant staggered when he walked; that defendant gave out "a very strong odor of whiskey"; and that, in the opinion of each of two police officers who observed his driving and who made the arrest, defendant was under the influence of intoxicating liquor.

Over objection by defendant, the State offered in evidence records of the Lee County Court tending to show these facts:

1. On 10 January, 1950, one Paul Stone entered a plea of *nolo contendere* to a charge of "drunk driving" and judgment was pronounced thereon.

2. On 10 April, 1956, one Paul Stone entered a plea of guilty to a charge of "drunken driving" and judgment was pronounced thereon.

The jury returned a verdict of "Guilty as charged." Thereupon, the court pronounced judgment imposing a road sentence of six months. Defendant excepted and appealed, assigning errors.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Pittman & Staton and Lowry M. Betts for defendant, appellant.*

BOBBITT, J. The court instructed the jury that if they found from the evidence beyond a reasonable doubt that the defendant was guilty of operating a motor vehicle upon said public street on 13 July, 1956, while under the influence of intoxicating liquor, and further that this was defendant's *third* offense, their verdict would be "Guilty as charged"; but if they failed to so find from the evidence beyond a reasonable doubt their verdict would be "Not Guilty." No other verdict was permissible under the instructions.

G.S. 20-138 provides: "It shall be unlawful and punishable, as provided in sec. 20-179, for any person, whether licensed or not, who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, to drive any vehicle upon the highways within the State."

G.S. 20-179 prescribes the punishments, respectively, upon *conviction* of a first, second and third (or subsequent) violation of G.S. 20-138.

A plea of guilty is "equivalent to a conviction." *Harrell v. Scheidt, Comr. of Motor Vehicles,* 243 N.C. 735, 92 S.E. 2d 182, and cases cited.

Defendant, by proper exceptive assignments of error, presents this question: Did the record of the plea of *nolo contendere* to the charge of "drunk driving" in Lee County Court on 10 January, 1950, show a "conviction of the same offense" within the meaning of G.S. 20-179?

In a criminal prosecution, if the State, by leave of the court, elects to accept the defendant's plea of *nolo contendere,* the court's authority to pronounce judgment in that particular case is the same as if there had been conviction by verdict or plea of guilty; but this plea of *nolo contendere* cannot be used against the defendant "as an admission in an action in the nature of a civil action, or as an admission in any other criminal action." *Winesett v. Scheidt, Comr. of Motor Vehicles,* 239 N.C. 190, 79 S.E. 2d 501, and cases cited. Also, see *Fox v. Scheidt, Comr. of Motor Vehicles,* 241 N.C. 31, 84 S.E. 2d 259.

In conformity with G.S. 15-147, it is well established that "where a statute prescribes a higher penalty in case of repeated convictions for similar offenses, an indictment for a subsequent offense must allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute in order to subject the accused to the higher penalty." *S. v. Miller,* 237 N.C. 427, 75 S.E. 2d 242, and cases cited; *S. v. Cole,* 241 N.C. 576, 86 S.E. 2d 203.

G.S. 15-147 provides, in part, that "a transcript of the record of the first conviction, duly certified, shall, upon proof of the identity of the person of the offender, be sufficient evidence of the first conviction." In this connection, it is noted that the State introduced records relating to Paul Stone. Absent an admission, it would seem necessary that the State offer evidence that *the* Paul Stone then on trial was the identical person referred to in said records. Since no assignment of error raises

the question, we need not determine whether an admission that this defendant is *the* Paul Stone referred to in said records may be implied from the circumstances disclosed by the record on this appeal.

Here the indictment charged the violation of G.S. 20-138 on 13 July, 1956, and defendant's conviction for violation thereof on two prior occasions. Evidence showing each *alleged* prior *conviction* was competent. Moreover, the jury had to determine that he had been convicted of a second or third violation thereof before judgment could be pronounced on the basis of such second or third convictions. *S. v. Cole, supra.*

Conviction by verdict or plea of guilty of a violation of G.S. 20-138 on the alleged prior occasion(s) is required before the court is authorized under G.S. 20-179 to pronounce judgment for a second *conviction* or a third or subsequent *conviction.* A plea of *nolo contendere* in the prior case is not the equivalent of a plea of guilty as a basis for the pronouncement of judgment under G.S. 20-179. Hence, the plea of *nolo contendere* on 10 January, 1950, could not be made the basis of a verdict that defendant's violation of G.S. 20-138 on 13 July, 1956, was his third violation thereof within the meaning of G.S. 20-179.

Even so, the motion for judgment of nonsuit was properly overruled.

The evidence, considered in the light most favorable to the State, was sufficient to warrant a finding by the jury that on 13 July, 1956, defendant was operating a motor vehicle on McIver Street in Sanford while under the influence of intoxicating liquor. Moreover, assuming defendant is the Paul Stone referred to therein, the record of the plea of guilty entered 10 April, 1956, was sufficient to support a finding that defendant was then "convicted" of a separate violation of G.S. 20-138.

In such case, upon trial on said bill of indictment, should the court have submitted the question of the guilt or innocence of defendant in respect of the violation of G.S. 20-138 on 13 July, 1956, and in respect of the previous conviction on 10 April, 1956? The answer is, "Yes."

We need not determine whether in a strict sense a violation of G.S. 20-138 on 13 July, 1956, without a further finding in respect of prior convictions, should be deemed a less degree of the crime charged in said bill of indictment within the meaning of G.S. 15-170. Apart from G.S. 15-170, sound reason impels the conclusion that where the warrant or bill of indictment includes *additional* allegations, which, if proven, vest in the court different authority as to the minimum punishment to be imposed upon conviction, it is for the jury, under proper instructions, to determine upon competent evidence which of such additional allegations, if any, have been established.

If the State fails in its proof as to one or more of the alleged prior convictions, this fact does not defeat the entire prosecution and require a verdict of not guilty. Rather, the court before submitting the case

will eliminate the allegations in the warrant or indictment of which there is *no* competent evidence; and the jury, in returning their verdict, will eliminate the allegations which are not established by the evidence beyond a reasonable doubt. In short, the verdict should spell out, first, whether the jury find the defendant guilty of the violation of G.S. 20-138 charged in the warrant or indictment, and if so, whether they further find that he was convicted of one or more of the alleged prior violations thereof. The entire case does not stand or fall upon whether the State has established beyond a reasonable doubt that the defendant was convicted on each and all of the prior occasions alleged in the warrant or indictment.

Since the evidence was sufficient to establish defendant's guilt in respect of a violation of G.S. 20-138 on 13 July, 1956, the judgment pronounced was authorized by G.S. 20-179, whether this was defendant's first, second or third violation thereof; for the difference in the punishment prescribed by G.S. 20-179 for a second or subsequent violation of G.S. 20-138 concerns only the *minimum* punishment to be imposed. Even so, these facts confront us: first, the court below may have been influenced in pronouncing judgment by the jury's verdict purporting to establish defendant's present conviction as his third conviction; and second, the admission in evidence of the record of the plea of *nolo contendere* entered 10 January, 1950, was prejudicial error. Since it did not support the allegation as to a prior *conviction* on 10 January, 1950, evidence offered initially by the State tending to show that defendant had been previously charged with an unrelated prior criminal offense and of the disposition thereof under plea of *nolo contendere* was incompetent. *S. v. McClain,* 240 N.C. 171, 81 S.E. 2d 364, and cases cited.

We are not now concerned with the effect of the plea of *nolo contendere* entered 10 January, 1950, in relation to the authority of the Commissioner of Motor Vehicles to revoke the defendant's operator's license. *Fox v. Scheidt, Comr. of Motor Vehicles, supra; Mintz v. Scheidt, Comr. of Motor Vehicles,* 241 N.C. 268, 84 S.E. 2d 882; *Harrell v. Scheidt, Comr. of Motor Vehicles, supra.*

For the errors indicated, a new trial is awarded.

New trial.

JOHNSON, J., not sitting.