## STATE v. JOHN HUGHES WHITE.

(Filed 18 September, 1957.)

**1. Criminal Law § 16—**

Where the inferior courts of a particular county are given exclusive original jurisdiction of general misdemeanors, any jurisdiction of the Superior Court to try a defendant for a general misdemeanor must be derivative.

**2. Criminal Law § 19—**

Where the record fails to show jurisdiction in the Superior Court in the trial of a general misdemeanor within the exclusive jurisdiction of an inferior court, appeal to the Supreme Court must ordinarily be dismissed, but where, on motion of the Attorney General for diminution of the record, it is made to appear by certified copies of the original papers that defendant was originally tried on a warrant in the recorder's court and the cause transferred to the Superior Court in accordance with law (Chapter 115, Public Laws of 1929) upon defendant's demand for jury trial, jurisdiction is established.

**3. Same—**

Where a cause is transferred from the recorder's court upon defendant's demand for a jury trial, trial in the Superior Court must be upon a bill of indictment.

**4. Same: Automobiles § 75: Criminal Law § 134—**

Where the warrant in the recorder's court charges defendant with driving while under the influence of intoxicants and further alleges that the offense was a second offense, and upon transfer of the cause to the Superior Court upon defendant's demand for jury trial, the indictment charges the substantive offense, with further averment that it was a third offense, *held:* the Superior Court acquires jurisdiction of the substantive offense, since the statute, G.S. 20-179, with respect to second, third and subsequent offenses, relates only to punishment. However, the Superior Court cannot impose a penalty greater than that provided for a second offense.

**5. Criminal Law § 169—**

Where the warrant in the inferior court charges that the substantive offense was the second offense, and on appeal to the Superior Court judgment is entered upon indictment charging the offense to be a third offense, but no incompetent evidence is admitted during the trial in regard to repeated offenses, a new trial will not be awarded, but the cause will be remanded for proper judgment.

**6. Same—**

Where the warrant in the inferior court charges that the substantive offense was the second offense, and on appeal to the Superior Court judgment is entered upon indictment charging the offense to be a third offense, the judgment may not be allowed to stand even though the sentence imposed is no greater than that permissible for a first or second offense, since

the court may have taken into consideration that the conviction was for a third offense in fixing the punishment.

APPEAL by defendant from *Frizzelle, J.,* June Term 1957 of CRAVEN.

This defendant was tried at the June Term 1957 of the Superior Court of Craven County on a bill of indictment charging him with the following offenses: (1) That on the 24th day of February 1956, he unlawfully operated a motor vehicle upon the public highways of Craven County after his operator's license had been revoked. (2) That on the same date he operated a motor vehicle upon the highways of Craven County while being under the influence of intoxicating liquors or narcotic drugs, this being his third such offense, he having theretofore been convicted of the same offense on September 19, 1949 in the Superior Court of Jones County, and the 8th day of February 1954, in the Superior Court of Craven County. (3) That on the same date he did unlawfully operate a motor vehicle upon the public highways of Craven County in a careless and reckless manner.

The jury returned a verdict of guilty on the first and second counts. On the second count, the presiding judge entered the following sentence. ". . . the defendant having been convicted of driving under the influence of alcohol for the third time, and the jury found the defendant guilty as charged in the bill of indictment: It is now CONSIDERED, ORDERED AND ADJUDGED that the defendant be confined in the common jail of Craven County for a period of twelve (12) months to be assigned to work the roads of the State under the supervision of the State Highway and Public Works Commission." On the first count a sentence of six months was imposed, to begin at the expiration of the sentence imposed in count two.

From the judgment entered the defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General Love, for the State.*

*Charles L. Abernethy, Jr., and Larkins & Brock for defendant appellant.*

DENNY, J. The sole question presented by the appellant in his brief is whether or not the Superior Court of Craven County had jurisdiction to try this case.

Craven County is one of our counties in which exclusive original jurisdiction of general misdemeanors is vested in its inferior courts. *S. v. Sloan,* 238 N.C. 547, 78 S.E. 2d 312; *S. v. Morgan, post,* 596; G.S. 7-64. Consequently, any jurisdiction the Superior Court of Craven County obtains in such cases is derivative. *S. v. Patterson,* 222 N.C. 179, 22 S.E. 2d 267; *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

The case on appeal does not show jurisdiction in the Superior Court. Hence, nothing else appearing, the appeal would be dismissed. *S. v. Banks,* 241 N.C. 572, 86 S.E. 2d 76; *S. v. Morris,* 235 N.C. 393, 70 S.E. 2d 23; *S. v. Thomas, supra; S. v. Patterson, supra.* However, the Attorney-General filed a motion in this Court suggesting a diminution of the record. The motion was allowed and we now have before us a certified copy of the original warrant dated 24 February 1956, returnable before the Craven County Recorder's Court, charging that the defendant, on or about 24 February 1956, did (1) operate a motor vehicle upon the public highways of North Carolina after his operator's license had been revoked; (2) operate a motor vehicle upon the public highways of North Carolina while under the influence of intoxicants or narcotics, it being the second offense; and (3) drive a motor vehicle in a careless and reckless manner. A certified copy of the minutes of the Recorder's Court with respect to the disposition of this case, which the Attorney-General brought here pursuant to his motion, is to the effect that on 19 March 1957 a jury was demanded and a bond fixed in the sum of $500.00. This made it incumbent upon the Recorder of said court to transfer the case to the Superior Court of Craven County for trial pursuant to the provisions of Chapter 115, Public Laws of 1929, the pertinent part of which reads as follows: "In all trials in the Recorder's Court for Craven County, upon demand for a jury by the defendant or the prosecuting attorney representing the State, the Recorder shall transfer such trial to the Superior Court of Craven County, and the defendant shall execute a new bond in such amount as named by the Recorder for his appearance at the next term of the Superior Court for Craven County." When a case is transferred to the Superior Court pursuant to the provisions of this or a similar statute, the trial in the Superior Court must be upon a bill of indictment. *S. v. Norman,* 237 N.C. 205, 74 S.E. 2d 602; *S. v. Bailey,* 237 N.C. 273, 74 S.E. 2d 609; *S. v. Pitt,* 237 N.C. 274, 74 S.E. 2d 608; *S. v. Owens,* 243 N.C. 673, 91 S.E. 2d 900.

We likewise have before us a certified copy of a bill of indictment found by the Grand Jury at the April Term 1957 of the Superior Court of Craven County, in which the three counts appearing in the warrant are included in the bill, but the time of the alleged commission of these offenses is stated as 24 February 1957. Moreover, this bill does not show the drunk driving violation set out therein as being a second offense, as alleged in the warrant.

When this case was called for trial, counsel for defendant moved to quash the bill on the ground that the alleged violations, according to the original warrant, occurred on 24 February 1956 and not on 24 February 1957, as alleged in the bill of indictment. The trial judge denied the motion, continued the case, and suggested that the Solicitor procure a

new bill since the date appearing in the bill might have considerable bearing on the count charging the defendant with driving a motor vehicle upon the public highways of the State after his operator's license had been revoked. A new bill was obtained as hereinabove set out. The Attorney-General also brought up, pursuant to his motion, a certified copy of a stipulation entered into by the Solicitor and counsel for the defendant, in open court in the trial below, to the effect that the warrant and both bills of indictment involve the same set of facts.

In light of the above facts, the defendant contends that, since the warrant alleged only a second offense with respect to the charge of drunk driving, while the bill of indictment alleged such violation to be a third offense, he is entitled to a new trial.

In the case of *S. v. Miller*, 237 N.C. 427, 75 S.E. 2d 242, the bill of indictment did not allege that either of the offenses charged was a second or subsequent offense. The defendant entered a plea of guilty. It was then determined that he had been convicted four or five times theretofore on similar charges. The court, therefore, proceeded to pronounce judgment as provided in G.S. 90-111 for subsequent offenses. Upon appeal to this Court we held that, "Where a statute prescribes a higher penalty in case of repeated convictions for similar offenses, an indictment for a subsequent offense must allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute in order to subject the accused to the higher penalty." The conviction was sustained on both counts but the cause remanded for a judgment on each count not in excess of that prescribed by G.S. 90-111 for a first offense.

In *S. v. Stone*, 245 N.C. 42, 95 S.E. 2d 77, the defendant was tried upon a bill of indictment charging that on 13 July 1956 he "did unlawfully and willfully drive a motor vehicle upon the public highways within the County and State aforesaid while then and there being under the influence of intoxicating liquor or narcotic drugs, same being his third offense he having been *convicted* thereof in the County Criminal Court of Lee County, N. C., at Sanford, N. C., on the 10th day of January, 1950, and in the County Criminal Court of Lee County, N. C., at Sanford, N. C., on the 10th day of April, 1956 . . ." The State, over objection by the defendant, was permitted to introduce in evidence the record of the County Criminal Court of Lee County tending to show that on 10 January 1950, the defendant entered a plea of *nolo contendere* to a charge of "drunk driving" and judgment was pronounced thereon. We held "the admission in evidence of the record of the plea of *nolo contendere* entered 10 January, 1950, was prejudicial error. Since it did not support the allegation as to a prior *conviction* on 10 January, 1950, evidence offered initially by the State tending to show that the defendant had been previously charged with an unrelated prior

criminal offense and of the disposition thereof under plea of *nolo contendere* was incompetent." Consequently, a new trial was granted.

In the instant case there is no contention that any incompetent evidence was introduced to establish the previous convictions on similar charges of "drunk driving." The defendant testified that he had been previously convicted on the occasions alleged in the bill of indictment. Hence, in our opinion, the verdict of guilty for driving a motor vehicle upon the public highways of the State while under the influence of an intoxicating liquor should be sustained. G.S. 20-179, with respect to second, third, and subsequent offenses relates only to punishment. Therefore, we hold that the Superior Court of Craven County had jurisdiction to try the offense charged under G.S. 20-138. No more evidence is required to convict a defendant for "drunk driving" pursuant to the provisions of G.S. 20-138 for a second, third, or subsequent offense than is required for a conviction for a first offense, the only difference being that the State in such cases is required to allege and prove the second, third, or subsequent offenses before it is entitled to subject the accused to the higher penalty. Furthermore, in such cases, the defendant is entitled to know whether or not the State is seeking to exact a higher penalty because of a previous conviction or convictions.

Even so, the jurisdiction of the Superior Court was derivative and it had no power to impose a penalty greater than that provided for a second offense, since the violation charged in the original warrant alleged such violation as being a second offense. *S. v. Miller, supra.* It is true that under the provisions of G.S. 20-179 a penalty as great as that inflicted in the court below might be imposed for a first or second offense. *S. v. Stone, supra.* However, it appears from the judgment entered in the court below that his Honor took into consideration this conviction as being a third offense in determining what sentence should be imposed. Consequently, the judgment on the second count is hereby set aside and the cause is remanded for sentence as for a second offense as provided in G.S. 20-179. We find no error in the verdict on the first count; however, the court below will designate when the sentence thereon is to begin in relation to the new sentence or judgment that will be imposed in accord with this opinion.

Remanded.