## STATE v. GEORGE H. WILKINS

(Filed 7 May, 1958.)

**Automobiles § 75: Criminal Law §§ 18, 134—**

Where defendant is tried on appeal to the Superior Court upon the original warrant, and it is not clear from the record whether the warrant was amended before or after trial in the inferior court so as to charge that the prosecution was for a second offense, the Supreme Court, *ex mero motu*, will set aside the judgment and remand the cause.

APPEAL by defendant from *Johnston, J.,* at September 9, 1957, Criminal Term of GUILFORD- Greensboro Division.

Criminal prosecution upon a warrant issued out of the Municipal County Court, Criminal Division, Guilford County, charging that defendant "did unlawfully and wilfully drive a vehicle upon the highway while under the influence of intoxicating liquor, narcotic drugs, 200 block of West Wendover Avenue, Greensboro, North Carolina."

The record shows: (1) That upon trial in said Municipal-County Court, the court found as its verdict the defendant to be guilty. And from judgment imposed by said court defendant appealed to Superior Court of Guilford County, Greensboro Division, for a trial *de novo* therein as provided by law.

(2) That in Superior Court, prior to plea and selection of jury, the State, upon motion of Assistant Solicitor, was permitted to amend the warrant to charge this as a second offense of the crime charged.

(3) That there appears in the record not only what purports to be original warrant charging the offense for which the criminal prosecution is begun, but what purports to be an original warrant charging the crime as a second offense.

(4) That the jury returned a verdict of "Guilty as charged."

(5) That it is stipulated (a) that when the original warrant was docketed in Superior Court there appeared upon the face of it, and in the handwriting of the Solicitor of the Municipal-County Court in the City of Greensboro, the following words: "This being a second offense of driving a vehicle under the influence of intoxicating liquor upon a public highway"; (b) that there is an entry in the minutes of Superior Court, relating to this case, and signed by the presiding judge which recites the verdict of the jury as being "guilty of operating a motor vehicle upon the public highway while under the influence of intoxicating liquor."

(6) Judgment pronounced.

(7) Defendant appeals to Supreme Court, and assigns error.

*Attorney General Malcolm B. Seawell, Assistant Attorney General Love for the State.*

STATE *v.* GRANT.

*Robert S. Cahoon, George W. Gordon for defendant, appellant.*

PER CURIAM. On account of conflict in the record as to the charge for which defendant was tried, and as to verdict of the jury, this Court *ex mero motu* sets aside the verdict returned and judgment rendered, and remands the case for further proceeding on the warrant as it appeared before the amendment, unless it shall be determined by the court that the warrant was amended before trial in Municipal-County Court, and, if so amended, then to be tried upon warrant as amended.

In respect to subsequent proceeding, attention is called to the case of *S. v. White,* 246 N.C. 587, 99 S.E. 2d 772, and cases cited.

Remanded.