STATE v. BENJAMIN FRANKLIN LAWRENCE.

(Filed 7 April, 1965.)

**1. Criminal Law § 134—**

The warrant or indictment must allege that defendant had theretofore been convicted of a like offense and the time and place of such conviction in order to support the imposition of a greater punishment under the statute. G.S. 15-147.

**2. Same—**

Upon a warrant or indictment properly charging a second offense, defendant may be convicted or plead guilty to the specific violation charged or he may be convicted or plead guilty as in case of a second offense.

**3. Same; Criminal Law § 26—**

Where a warrant for escape contains the words "second offense" without properly charging the felony, the word "feloniously" not being used and the

time and place of the prior offense not being set forth, and 60 day sentence is entered upon defendant's plea of guilty, *held*, the sentence is for the specific misdemeanor of escape charged in the warrant and the doctrine of former jeopardy precludes a subsequent prosecution for the felony of a second escape. G.S. 148-45.

**4. Courts § 13—**

Where the length of the term of an inferior court is not specifically stated by statute other than it shall continue until the business before it is disposed of, the term cannot last beyond the time fixed for the next succeeding term unless a trial is then actually in progress, and in any event the term terminates when the judge leaves the bench, and therefore where judgment is entered on Christmas Eve the term expires on that day upon the court leaving the bench for the Christmas holidays.

**5. Criminal Law § 137—**

The court is without authority to vacate or modify a judgment after the expiration of the term, and therefore when sentence for escape is imposed on Christmas Eve the court is without authority thereafter to vacate or modify the judgment, and its action in doing so in order that defendant might be tried on an indictment charging a second offense of escape must be set aside.

ON petition of Benjamin Franklin Lawrence for *certiorari* for review of judgment of *Parker, J.,* entered October 12, 1964, at Session of WAYNE.

*Herbert B. Hulse attorney for petitioner.*
*T. Wade Bruton, Attorney General, and Theodore C. Brown, Jr., Assistant Attorney General for respondent.*

PER CURIAM. Petitioner was tried and convicted in the Recorder's Court of Edgecombe County on certain charges of traffic law violations, misdemeanors, and in consequence judgment was entered imposing a one-year prison sentence. On 18 August 1961 he was committed to the State Prison Unit in Nash County. He escaped on 28 August 1961 and was returned to custody on 24 October 1963; he was then transferred to the Wayne County Prison Unit.

Petitioner was tried in Nash County Recorder's Court on 16 December 1963 for said escape and was given a six-months sentence. He escaped from the Wayne County Prison Unit on 17 December 1963 and was apprehended the same day.

Petitioner was put on trial in the County Court of Wayne County on 24 December 1963 upon a warrant, issued by the Clerk of said court, charging:

"On or about the 17th day of December 1963 Benjamin Franklin Lawrence did unlawfully and wilfully escaping *(sic)* North Carolina Prison Department, Second Offense."

He entered a plea of guilty, and the judge imposed a 60-day prison sentence — "This sentence to commence at expiration of sentence now serving." Commitment was issued 30 December 1963. On 31 December 1963 the judge revoked the commitment, vacated the judgment, and made an entry finding probable cause and binding petitioner over to the superior court. Plaintiff was arraigned in the Wayne County Superior Court at the January 1964 Session on the following indictment:

"Benjamin Franklin Lawrence . . . on the 17 day of December in the year of our Lord one thousand nine hundred and sixty-three, with force and arms, at and in the County aforesaid (Wayne), did while in custody of the State Prison System and serving a sentence imposed upon conviction of a misdemeanor, did *(sic)* wilfully and unlawfully escape from the State Prison System, the escape being his second offense, to wit: by having heretofore been convicted of escaping prison while serving a sentence imposed by the Nash County Recorder's Court . . ."

Before pleading, petitioner moved to quash the bill. The motion was overruled, and petitioner entered a plea of guilty. A two-year prison sentence was imposed.

Petitioner thereafter filed an application for writ of *habeas corpus.* Counsel was appointed to represent him. The application was considered as a petition for post-conviction review (G.S., Ch. 15, Art. 22). After a full hearing, Parker, J., found facts in substance as above set out, denied relief and dismissed the petition.

Petitioner contends that his constitutional rights were violated at the trial in Wayne County Superior Court, January 1964 Session, in that he was a second time put in jeopardy. We agree.

If a prisoner, serving a sentence in the State Prison System upon conviction of a misdemeanor, escapes imprisonment, he shall for the first offense be guilty of a misdemeanor. If he escapes a second or subsequent time, he shall be guilty of a felony. G.S. 148-45. However, a felony conviction for such second or subsequent offense is not permissible, and punishment therefor may not be imposed, unless the indictment alleges facts showing that the offense charged is a second offense. *State v. Miller,* 237 N.C. 427, 75 S.E. 2d 242. The warrant or indictment must state the time and place accused was convicted of the prior offense. G.S. 15-147; *State v. Morgan,* 263 N.C. 400, 139 S.E. 2d 708; *State v. Powell,* 254 N.C. 231, 118 S.E. 2d 617. Even if the warrant or indictment is proper, the entire case does not stand or fall on proof

that there was a prior conviction. *State v. Stone,* 245 N.C. 42, 95 S.E. 2d 77. The accused may be convicted of the specific offense charged, or he may be convicted as in case of a second offense. The verdict must spell out (1) whether defendant is guilty of the specific violation charged and, if so, (2) whether he was convicted of a prior violation of such offense charged. *State v. Powell, supra; State v. Cole,* 241 N.C. 576, 86 S.E. 2d 203. In other words, the accused may, on a charge such as that preferred against petitioner, be convicted or plead guilty to the specific violation charged — a misdemeanor — or he may be convicted or plead guilty as in case of a second offense — a felony. Punishment is in accordance with the conviction or plea. *State v. Stone, supra.*

The warrant upon which petitioner was tried in the County Court of Wayne County does not properly charge a felony. The word "feloniously" does not appear in the warrant. *State v. Whaley,* 262 N.C. 536, 138 S.E. 2d 138. Moreover, the mere words "second offense" are not sufficient allegation of facts to charge the felony — time and place of conviction of the prior offense must be alleged. G.S. 15-147; *State v. Morgan, supra.* The warrant could have been amended in the County Court, but it was not. The legal effect of the warrant is to charge a misdemeanor. Defendant's plea was in effect a plea of guilty to the misdemeanor (the offense specifically charged). The court so considered it, for it asserted jurisdiction and imposed a 60-day sentence. The statutory minimum of punishment is three months (G.S. 148-45), but the 60-day sentence was favorable to petitioner, he did not appeal, and the State could not appeal.

The sentence in county court was imposed on Christmas Eve, Tuesday. Commitment was issued the following Monday. The next day, the court revoked the commitment, vacated the judgment, found probable cause and bound petitioner over to superior court. The court was without authority to vacate or modify the judgment. The term of court at which petitioner was tried undoubtedly ended on Christmas Eve. After the term ended the judge was without authority to vacate or modify the judgment. When a judge leaves the bench and the term is left to expire by limitation, the term ends then and there. Where the length of the term of an inferior court is not expressly stated by the statute other than it shall continue until the business before it is disposed of, the term cannot last beyond the time fixed for the next succeeding term, unless perhaps a trial in actual progress should extend it. *State v. McLeod,* 222 N.C. 142, 22 S.E. 2d 223. If the warrant had charged a felony which did not embrace a minor offense or lesser degree of the offense charged, misdemeanors, the court would, of course, have had no jurisdiction. In such case a judgment of the county court purporting to make final disposition of the cause would have been a

nullity, and the county court could thereafter have stricken it from the record or the superior court could have taken jurisdiction without regard to the void judgment.

The bill of indictment in superior court does not contain the word "feloniously," and therefore does not purport to charge a felony. Furthermore, there is a fatal variance between the actual facts and the allegations of the bill purporting to charge a prior conviction. The first escape was not "while serving a sentence imposed by *Nash* County Recorder's Court"; it was while serving a sentence imposed by the Recorder's Court of *Edgecombe* County. The indictment only charged a misdemeanor; the Superior Court could not constitutionally try petitioner on the indictment, for he had already been tried and sentenced on the identical charge in county court, and had not appealed. *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838.

The judgment of Parker, J., entered 12 October 1964 is set aside and the cause is remanded to the Superior Court of Wayne County with directions that an order be entered striking out the bill of indictment and petitioner's plea thereto and vacating the judgment entered at the January 1964 Session of said court, and revoking the commitment issued pursuant thereto, and directing that the County Court of Wayne County reinstate the judgment of 24 December 1963, and issue commitment thereon unless it appears from the records of the State Prison System that petitioner has already served sufficient time (in addition the 12 months sentence imposed in the Recorder's Court of Edgecombe County, and the 6 months sentence imposed for escape in the Recorder's Court of Nash County) to comply with the 60-day sentence.

Error and remanded.