STATE OF NORTH CAROLINA v. HUBERT THOMPSON

No. 6814SC333

(Filed 9 October 1968)

1. **Criminal Law § 16—— jurisdiction of District Court —— misdemeanors**

Except as provided in Article 22, G.S. Ch. 7A, the District Court has original, exclusive jurisdiction for the trial of criminal actions below

the grade of felony, such crimes being declared by the Legislature to be petty misdemeanors. G.S. 7A-272.

**2. Criminal Law §§ 16, 18; Shoplifting— jurisdiction of shoplifting prosecution — District Court — Superior Court on appeal**

The District Court has exclusive original jurisdiction in a prosecution for a violation of the shoplifting statute, G.S. 14-27.1; therefore, the jurisdiction of the Superior Court on appeal from a shoplifting conviction in the District Court is entirely derivative.

**3. Criminal Law § 18— criminal appeal from District Court to Superior Court**

Upon appeal from a criminal conviction in the District Court, trial in the Superior Court shall be *de novo*, with jury trial as provided by law, G.S. 7A-196(e), G.S. 7A-288, and without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon. G.S. 15-177.1.

**4. Criminal Law § 18— criminal appeal in Superior Court — trial upon original accusation**

Upon appeal from a criminal conviction in the District Court, defendant may be tried in the Superior Court upon the original accusation of the District Court and without an indictment by a grand jury.

**5. Criminal Law §§ 18, 138— criminal appeal in Superior Court — severity of sentence**

In an appeal from a conviction in the District Court, the Superior Court may impose a lighter or heavier sentence than that imposed by the District Court provided it does not exceed the limit of punishment which the District Court could have imposed.

**6. Shoplifting; Criminal Law § 138— punishment for shoplifting**

Sentence of twelve months imposed in the District Court upon defendant's conviction of shoplifting was excessive, the maximum punishment for the offense being a fine of not more than $100 or imprisonment for not more than six months or both. G.S. 14-72.1.

**7. Criminal Law § 18— criminal appeal to Superior Court — amendment of warrant**

Upon an appeal from a misdemeanor conviction in the District Court, the Superior Court has power to allow an amendment to the warrant provided the charge as amended does not change the offense with which defendant was originally charged.

**8. Shoplifting; Criminal Law § 18— appeal of shoplifting conviction to Superior Court — amendment of warrant to charge second offense**

Where defendant was convicted in the District Court upon a warrant charging him with shoplifting, a violation of G.S. 14-72.1, the Superior Court upon appeal had no authority to allow the State to amend the warrant to charge defendant with a second offense of shoplifting, the amendment substantially changing the offense with which defendant was charged and a longer sentence being permissible for a second offense.

**9. Criminal Law § 34— evidence of other offenses**

Evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged.

**10. Shoplifting; Criminal Law §§ 18, 34, 167— appeal of shoplifting conviction to Superior Court — amendment of warrant to charge second offense — prejudicial error**

In an appeal from a conviction in the District Court upon a warrant charging defendant with shoplifting, error by the Superior Court in allowing the State to amend the warrant to charge defendant with a second offense of shoplifting is not rendered harmless by the fact defendant was sentenced in the Superior Court to a term within the maximum authorized for a first offense of shoplifting, the amendment permitting the State to introduce evidence of a prior shoplifting conviction which would not have been admissible in a trial under the original warrant since its only effect would have been to assail the character of the nontestifying defendant and to show his disposition to engage in shoplifting.

APPEAL by defendant from *Copeland, S.J.*, at the 3 June 1968 Session of DURHAM Superior Court.

Defendant was tried in the District Court in Durham County on a warrant charging him with shoplifting, a violation of G.S. 14-72.1. He pleaded not guilty, was found guilty, and was sentenced to twelve months in jail by the district court judge. Defendant appealed to the superior court, where he was tried *de novo* before a jury. Upon the call of the case and before the defendant had entered a plea, the solicitor moved to be permitted to amend the warrant so as to charge the defendant with a second offense of willful concealment of goods as defined in G.S. 14-72.1. The court allowed the solicitor's motion over defendant's objection. Defendant then pleaded not guilty, the jury returned a verdict of guilty as charged in the amended warrant, and the judge entered judgment sentencing defendant to jail for a term of not less than 21 nor more than 24 months, to be assigned to work under the supervision of the North Carolina Department of Correction. Prior to the end of the two weeks session of superior court at which defendant was tried, the judge, in the presence of defendant and his attorney, modified the judgment so as to reduce the sentence to six months, and from the judgment as so modified defendant appealed.

*Attorney General T. W. Bruton and Assistant Attorney General George A. Goodwyn for the State.*

*W. Paul Pulley, Jr., for defendant appellant.*

PARKER, J.

[1-6]  Except as provided in Article 22, Chapter 7A, of the General Statutes, the district court has original, exclusive jurisdiction for the trial of criminal actions below the grade of felony, and the same are declared by the Legislature to be petty misdemeanors. G.S. 7A-272. The offense with which defendant was here charged comes within the classification for the trial of which the district court has exclusive original jurisdiction. Therefore, the jurisdiction of the superior court on appeal to it from the judgment of the district court was entirely derivative, State v. White, 246 N.C. 587, 99 S.E. 2d 772. Upon appeal to superior court, trial shall be de novo, with jury trial as provided by law, G.S. 7A-196(e), G.S. 7A-288, and without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon. G.S. 15-177.1. In the superior court the defendant may be tried upon the original accusation of the district court and without an indictment by a grand jury, State v. Thomas, 236 N.C. 454, 73 S.E. 2d 283. Since the trial in the superior court is without regard to the proceedings in the district court, the judge of the superior court is necessarily required to exercise his own independent judgment, and hence his sentence may be lighter or heavier than that imposed by the district court, provided, of course, it does not exceed the limit of punishment which the district court could have imposed, State v. Meadows, 234 N.C. 657, 68 S.E. 2d 406. In the present case the maximum punishment which could have been imposed upon the defendant upon conviction of the offense for which he was tried in the district court would have been a fine of not more than $100.00 or imprisonment for not more than six months or by both such fine and imprisonment. G.S. 14-72.1. Manifestly, therefore, the twelve months sentence imposed by the district court judge was excessive. Upon appeal, the judge of superior court allowed the State, over defendant's objection, to amend the warrant so as to charge the defendant with a second offense of shoplifting, under the provisions of the second paragraph of G.S. 14-72.1 which is as follows:

"Any person found guilty of a second or subsequent offense of willful concealment of goods as defined in the first paragraph of this section shall be guilty of a misdemeanor and shall be punished in the discretion of the court."

[7, 8]  If the amendment was properly allowed then the judgment, as originally entered by the judge of superior court imposing a sentence of not less than 21 months nor more than 24 months would have been lawful. G.S. 14-3(a). However, since the district court had ex-

clusive original jurisdiction for the trial of criminal cases for the offense here involved, and since the jurisdiction acquired by the superior court upon appeal was entirely derivative, the superior court lacked power to allow amendment to the warrant so as to charge the defendant with a different offense from that for which he was tried in the district court. *State v. White, supra.* As a general proposition the superior court, on an appeal from an inferior court upon a conviction of a misdemeanor, has power to allow an amendment to the warrant, provided the charge as amended does not change the offense with which defendant was originally charged. *State v. Fenner,* 263 N.C. 694, 140 S.E. 2d 349; *State v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449. In the present case, however, the amendment to the warrant did substantially change the offense with which defendant was charged. To convict defendant of the offense charged in the amended warrant it was necessary for the State not only to allege in the warrant but to offer evidence to prove the facts showing that the offense charged was the commission of a second or subsequent crime within the contemplation of the statute, *State v. Miller,* 237 N.C. 427, 75 S.E. 2d 242. The case of *State v. Broome,* 269 N.C. 661, 153 S.E. 2d 384, is distinguishable from the present case. In that case the defendant had pleaded guilty in the county court to a warrant charging him with unlawfully and willfully operating a motor vehicle on the public highways of the State while under the influence of intoxicating liquor, "this being his 3rd such offense. (1st offense Sampson County Superior Court Feb. 11, 1960, 2nd offense Sampson County Superior Court Oct. 28, 1960)." In the superior court on appeal the court allowed an amendment to the warrant to insert in place of the matter shown in parenthesis the following:.

"(H)e having previously been convicted on a charge of operating a motor vehicle on public highways under the influence of intoxicating liquor in the Superior Court of Sampson County on Feb. 11, 1960 and again on Oct. 28, 1960."

Clearly the amendment did not change the nature of the offense charged, since the original warrant, though perhaps inartfully drawn, charged the commission of the third offense of driving under the influence of intoxicating liquor and included allegation of the dates and courts in which conviction of the first and second offenses had occurred.

[9, 10]     In the present case the State, in its brief, contends that while there may have been error in permitting the amendment to the warrant in the superior court, such error was rendered harmless when the judge modified his judgment to reduce the sentence imposed upon

defendant to six months, since G.S. 14-72.1 authorizes such a sentence upon conviction of a first offense under its terms. We do not agree that the error was non-prejudicial to the defendant in this case. The amendment permitted the State to introduce evidence concerning defendant's prior conviction in Durham Superior Court of a similar crime of shoplifting. In the present case the defendant did not testify nor otherwise place his character in evidence. Evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged. *State v. Branch,* 1 N.C. App. 279, 161 S.E. 2d 492. Obviously, if the warrant had not been amended, the only effect of the testimony as to defendant's prior conviction would have been to assail the character of the defendant and show his disposition to engage in shoplifting. Such evidence was prejudicial to the defendant and entitles him to a new trial.

We find it unnecessary to pass upon defendant's remaining assignments of error, which will probably not arise upon another trial.

New trial.

BROCK and BRITT, JJ., concur.