STATE OF NORTH CAROLINA v. ROBERT MORRIS WOODSON

No. 8028SC653

(Filed 2 December 1980)

**Automobiles §§ 125.1, 126.6— driving under influence of intoxicants — insufficient allegation of second offense — evidence of prior conviction**

A statement of charges for the offense of driving under the influence of alcoholic beverages did not allege a second violation of G.S. 20-138 so as to trigger the second offense provision of G.S. 20-179(a) where it alleged that defendant had previously been convicted of the same offense on a date more than three years prior to the date of the current offense; therefore, defendant was prejudiced by the State's introduction of evidence of his earlier conviction and by numerous references to the earlier conviction throughout the trial.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 4 March 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 12 November 1980.

Defendant was tried on a statement of charges alleging that, on 19 July 1979, he unlawfully operated a motor vehicle while under the influence of alcohol, and that he had previously been convicted of the same offense on 20 April 1976. He was convicted of unlawfully operating a motor vehicle while the amount of alcohol in his blood was 0.10% or more by weight.

*Attorney General Edmisten, by Associate Attorney Evelyn M. Coman, for the State.*

*Long, McClure, Parker, Hunt and Trull, by William A. Parker, for defendant appellant.*

VAUGHN, Judge.

Defendant contends that he was prejudiced by the State's introduction of evidence of his earlier conviction and by the numerous references to that conviction throughout the trial.

The general rule is that, in a prosecution for a particular crime, the State cannot offer evidence to show that the defendant has committed another distinct, independent or separate offense even though the other offense is of the same nature as the crime charged. *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954).

One of the many exceptions to the general rule is that evidence of the prior conviction may be introduced if proof of the prior

State v. Woodson

conviction is an element of the offense charged. Thus, upon a proper charge of a second violation of G.S. 20-138, allegation and proof of the first conviction is necessary where, as here, it is not judicially admitted by the defendant. *State v. White*, 246 N.C. 587, 99 S.E. 2d 772 (1957).

Here, however, the statement of charges upon which defendant was tried does *not* allege a second violation of G.S. 20-138 so as to trigger the second offense provisions of G.S. 20-179(a). That section, as it was rewritten to become effective on 1 March 1979, expressly provides that "[c]onvictions for offenses occurring prior to July 1, 1978, or more than three years prior to the current offense shall not be considered prior offenses for the purpose of subdivisions (2) and (3) above." It appears on the face of the statement of charges that the earlier conviction set out took place on 20 April 1976, a date prior to 1 July 1978 and more than three years prior to the date of the current offense, 19 July 1979. The statement of charges alleging a second offense is, therefore, prejudicial surplusage which should have been stricken.

The repeated references to the earlier conviction in the evidence and in the charge of the court were clearly prejudicial to defendant's right to a fair trial. The fact that defendant was convicted of a violation of G.S. 20-138(b), instead of G.S. 20-138(a), is of no consequence. His plea of not guilty put the State to the task of proving to the jury every element of the offense charged, or every element of any lesser included offense, beyond a reasonable doubt, unaided by the bias naturally created by the attention drawn to the earlier conviction of a similar offense.

New trial.

Judges MARTIN (Robert M.) and WELLS concur.