Darted, Judge
 

 This was an action of Trover, brought by the plaintiff as the administrator
 
 debonis non,
 
 with the will annexed of
 
 Jacob White,
 
 to recover of the defendant the value of several slaves. The defendant pleaded the general issue, and the statute of limitations.
 

 The controversy was, whether the plaintiff’s testator ever had any title to the slaves which are sought to be recovered.
 
 Bagar
 
 the mother of tjhe slaves sued for, had
 
 belonged to Joshua White,
 
 the father of the plaintiff’s testator.
 
 In the year 1776, Joshua White
 
 signed and scaled a paper writing, in which he declared that no law moral or divine, had given him right or
 
 property
 
 in the person of any of his fellow creatures : — that he then had under his care a negro girl named
 
 Bagar,
 
 and that be released, (after the year, 1785, when she would be eighteen years of age,) ail claim or pretension of claim to the said girl; and to this he bound his heirs, executors and administrators. This declaration in writing, the jury have found, was never delivered as a deed, either to
 
 Ba-gar
 
 or any other person for her benefit; in law therefore, she still belonged to
 
 Joshua White.
 
 The only evidence of the manner in which the girl came into the possession of
 
 Jacob White,
 
 is his declaration made in a conversation with the girl, after the death of his father, when
 
 he
 
 told her he would no
 
 *258
 
 bail kept her in conformity with a promise made to bis father, until she was eighteen years old, and that siie should go to her protectors.
 
 Jacob White
 
 said, about a year before he died, that he did not own any slaves. Whilst the slave
 
 llagar
 
 was in the possession of
 
 Jacob,
 
 his father
 
 Joshua
 
 made his will, (but at what date the case does not state,) in which he appointed an executor. After the death of
 
 Joshua,
 
 his executor qualified. By one clause in the will, the testator gave to his son
 
 Jacob
 
 a tract of land and
 
 alt the property he had before possessed him
 
 witlu—
 
 Jacob White
 
 after making a will and appointing an executor, died in the year 1816. The executor of
 
 Jacob
 
 qualified and never claimed the slaves as belonging to the estate of his testator. The executor died in the year, 1821, and the plaintiff administered in the year 1831; demanded the slaves as part of the estate of
 
 Jacob,
 
 and on refusal by the defendant to deliver them, brought this action. The defendant insisted at the trial, that on these facts the plaintiff could not recover.
 

 On the trial of the cause, (as I gather from the very imperfect statement sent up,) five distinct questions arose; first, was the paper delivered as a deed ? secondly, was
 
 llagar
 
 a part and parcel of the property, of which the testator had before possessed his son
 
 Jacob ?
 
 Thirdly, if she was, did the executor ever assent to the legacy ?— Fourthly, Was the act of limitations a bar to the plaintiff’s action ? Fifthly, could the plaintiff recover, after having declared as administrator and then stating in his declaration, that the conversion had taken place at a date subsequent to the death of the testator ? The court, after charging the jury that the plaintiff might recover upon his own possession although he had declared in his representative character, proceeded and said to the jury, “if they believed the plaintiff’s witnesses, his title was-made out, and that he had a right to recover, unless the defendant had shown a good defence.” If this be a correct statement, and I am bound so to consider it, the Judge erred in his charge. Whether Hogar under the ■ clause of
 
 Joshua White’s
 
 will, and if so, whether the executor had ever assented to that bequest so as to vest the
 
 *259
 
 legal title of
 
 Hagar
 
 in
 
 Jacob,
 
 were necessary enquiries before it could be determined that the plaintiff had made out his case, and matters on which the Judge alone could not pass. The correct charge, I think would have been, to have told the jury that the will of
 
 Joshua,
 
 by construction of law, passed to
 
 Jacob
 
 the beneficial interest in
 
 Hagar,
 
 if she had been put into his possession
 
 as property;
 
 but not, if She were placed under his protection as
 
 free ;
 
 and that the character of
 
 Jacob’s
 
 possession, was a point for them to determine — and further, that if
 
 Jacob
 
 kept the possession of
 
 Hagar
 
 for many years, claiming the property in her under this bequest, such a possession would well warrant the presumption of an assent by
 
 Josh-iia’s
 
 executor, but that if he did not hold
 
 Hagar
 
 as property, nor claim title to her under his lather’s will, there was no evidence on which to raise such a presumption. The Judge'did not leave it to the jury to infer, from the written declarations made by the testator, and to be gathered from the paper, although it might not operate as a deed, and from the conduct and declarations of his son as to the manner he held
 
 Hagar,
 
 whether she was “ parcel or not parcel” of all the property lie had before possessed his son with, and was intended to pass under the words mentioned in the aforesaid clause in the will. Neither did thé Judge leave it to the jury to say whether, from the evidence and circumstances of this case, the presumption of an assent to the legacy by the executor arising from lapse of time, was or was not rebutted. I feel myself bound then to declare, upon the case stated, that the judgment rendered must be reversed and a new trial granted.
 

 ifalegatee takes possession of pro-under the -will & ny years; this is e™lenoe which presumption of ccutor.
 

 Per Curiam — Judgment reversed.