MARY STRUNKS, Administratrix of JOHN M. STRUNKS, v. SOUTHERN
RAILWAY and JOHN BARTON PAYNE, Director General of Rail-
roads.

(Filed 20 February, 1924.)

1. New Trials—Partial New Trials—Issues—Appeal and Error.

Where damages are sought in an action against a carrier for a personal
injury involving the issues of negligence and assumption of risks, and the
Supreme Court, on appeal, has granted a new trial only on the issues of
damages, these issues are properly refused by the judge upon the retrial
of the case, the remedy being by a petition to rehear in the Supreme
Court under its Rules of Practice.

2. Same — Damages — Evidence — Carriers — Railroads — Federal Em-
ployers' Liability Act.

Under the Federal Employers' Liability Act, contributory negligence
is considered in diminution of the employee's damages for personal injury
alleged to have been caused by the defendant's negligence; and upon a
new trial awarded by the Supreme Court upon the issues of damages
alone, it is reversible error for the trial judge to exclude evidence of this
character under the defendant's objection, when confined to this phase
of the controversy, the amount of the damages being for the jury to
determine upon conflicting evidence.

APPEAL by defendants from *Harding, J.,* at April Term, 1923, of
GUILFORD.

*S. B. Adams and R. C. Strudwick for plaintiff.*
*Wilson & Frazier for defendants.*

ADAMS, J. This case was before the Court at the Fall Term of 1922.
184 N. C., 582. At the first trial in the Superior Court the issues
addressed to negligence, assumption of risk, and damages were answered
in favor of the plaintiff, the recovery being apportioned to the widow
and the three surviving children. *Gulf, etc. R. R. Co. v. McGinnis,*
228 U. S., 173, 176; 57 Law. Ed., 785, 787; *Central Vermont R. R.
Co. v. White,* 238 U. S., 507; 59 Law. Ed., 1443; *Horton v. R. R.,* 175
N. C., 472, 488; *Moore v. R. R.,* 179 N. C., 637. On appeal, a new
trial was awarded as to the four issues relating to damages but not
as to the others. The case was tried the second time in the Superior
Court at the April Term of 1923, and the issues as to damages were
again answered in favor of the plaintiff, the apportionment being made
in the same manner but not in the same amount as at the former trial.
Upon the verdict, judgment was rendered for the plaintiff, and the
defendants appealed.

The first assignment of error called in question his Honor's refusal
to submit to the jury upon the second trial issues directed to the defend-

ant's negligence and the intestate's assumption of risk (assignments 1 and 2). These issues were considered and answered by the jury upon the first trial, and as to them, a new trial was denied on appeal. The defendants have evidently overlooked the fact that the new trial was to be restricted to the question of damages, and have disregarded the preliminary requisites of a petition to rehear. Rules of Practice in the Supreme Court, 185 N. C., 803. The first and second assignments of error are therefore without merit and must be overruled. The third assignment is more serious.

The plaintiff examined L. W. Carr, who had testified on the former trial, and upon the cross-examination of this witness the defendants offered to prove the facts to which he had previously testified; but upon the plaintiff's objection this evidence was excluded. The witness would have answered as appears in his testimony on pages 13-22 of the printed record of the first trial. The ground of exclusion was this: "It (the proposed testimony) appeared upon the issue of negligence, and the court, having declined to submit the issue of negligence, held that the evidence was immaterial." The same ruling was made with respect to the testimony of M. M. Smith.

His Honor was correct in refusing to admit the proposed evidence on the issue of negligence; but the several issues as to damages were yet to be tried, and evidence tending to show contributory negligence was competent in diminution of damages. U. S. Compiled Statutes, sec. 8659; *N. and W. Ry. Co. v. Earnest*, 229 U. S., 114; 57 Law. Ed., 1096; *Ill. Cen. Railroad Co. v. Skaggs*, 240 U. S., 66; 60 Law. Ed., 529; *Horton v. R. R., supra.*

At the first trial the jury were instructed that the damages should be diminished in proportion to the negligence attributable to the plaintiff's intestate, and upon the second hearing the defendants offered evidence which they say would have entitled them to a similar instruction. If, then, the excluded evidence would reasonably have tended to establish contributory negligence it should have been admitted. After bestowing upon the record a careful examination we have concluded that the rejected evidence includes circumstances which the jury should have been permitted to consider on the question whether the deceased exercised due care for his personal safety. If believed, this evidence tended to show that the intestate on the occasion of his injury made use of a brake stick by putting it into the brake wheel for the purpose of applying additional pressure; that there was a rule of the railroad company prohibiting the use of such a stick by brakemen; that the deceased provided his own stick, and that it was not furnished by the company; that the brakes could be applied without the use of a stick, and that the stick used by intestate was obviously defective. The de-

fendants specifically pleaded contributory negligence; and although they denied that the stick was defective, they further alleged that if it was, its defect was known to the deceased, and that his negligent use of the stick was the proximate cause of his injury. To be sure there was evidence to the contrary, but the conflict of testimony called for the intervention of the jury. *White v. White,* 15 N. C., 257; *Mitchell v. R. R.,* 124 N. C., 236; *Powell v. R. R.,* 125 N. C., 371.

On the former appeal the Court said: "There must be another trial, but only on the issue as to damages." If by his own negligence the plaintiff's intestate contributed to his injury and death, what damages may be recovered? If the causal negligence is partly attributable to him and partly to the defendant, he shall not recover full damages, but only a proportional amount, bearing the same relation to the full amount as the negligence attributable to the defendant bears to the entire negligence attributable to both. *N. & W. R. R. v. Earnest,* 229 U. S., 114; 57 L. Ed., 1096. In order to determine the relation which the negligence attributable to the defendant bears to the entire negligence attributable to both (if the intestate was negligent), evidence of the defendant's negligence and of the intestate's contributory negligence may be introduced and considered, although the *issue* of negligence was determined against the defendant on the former trial and need not again be formally answered. Such evidence may be necessary to determine the *quantum* of damages. We suggest, however, that a formal issue as to contributory negligence may tend to simplify the situation.

The defendant is entitled to a new trial on the issue of damages.

New trial.