## STATE v. CLAY SHEPHERD.

(Filed 7 December, 1932.)

**1. Criminal Law I j—Directed verdict on conflicting evidence is error.**

Where in a criminal prosecution the evidence is conflicting or equivocal a charge directing a verdict against the defendant is error.

**2. Criminal Law L e.**

Where a new trial is granted on appeal for error in the charge an exception to the form of the judgment need not be considered.

APPEAL by defendant from *Moore, J.,* at March Term, 1932, of WILKES.

Criminal prosecution tried upon an indictment charging the defendant with forcible trespass.

The prosecuting witness and the father of the defendant are adjoining landowners, the true dividing line between the properties being in dispute. The prosecuting witness set a number of posts preparatory to erecting a fence along the dividing line. These were removed by the defendant, at the instance of his father, under a claim of right—both parties claiming to be in the rightful possession of the property where the posts were erected.

The court charged the jury that if they believed the evidence to return a verdict of guilty. Exception.

Verdict: Guilty.

Judgment: "That defendant pay a fine of $25.00 and costs, and pay R. F. Brown $5.00 for damage to the fence."

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*A. H. Casey for defendant.*

STACY, C. J. It is conceded by the Attorney-General that error was committed in directing a verdict on conflicting or equivocal evidence. *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846; *S. v. Estes,* 185 N. C., 752, 117 S. E., 581. Belief in the defendant's guilt is not enough. This must be established beyond a reasonable doubt. *S. v. Boswell,* 194 N. C., 260, 139 S. E., 374.

The defendant also excepts to the form of the judgment, but as a new trial must be awarded for error in the charge, which necessarily vacates the judgment, consideration of this exception is omitted.

New trial.