STATE v. JOE LAWSON.

(Filed 11 December, 1935.)

**Criminal Law I j—Directed verdict of guilty is error when there is testimony by defendant of facts sufficient to establish innocence.**

Where under defendant's testimony he is not guilty of the offense charged in the bill of indictment, it is error for the court to peremptorily instruct the jury to convict the defendant if they believe the evidence beyond a reasonable doubt, although there may be plenary evidence of guilt on the part of the State, since the conflicting or equivocal evidence raises a question for the determination of the jury.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Parker, J.,* at June Term, 1935, of MARTIN.

Criminal prosecution, tried upon indictment charging the defendant and another with the unlawful and felonious slaying of Peggy Hardison.

On 15 November, 1934, the defendant was driving his new Chevrolet truck from Plymouth to Williamston, N. C. He stopped at a filling station on the way, obtained some whiskey and got drunk. Johnnie Williams agreed to drive the truck the balance of the way. The defendant was on the front seat beside the driver. While rounding a curve, Mrs. Ida Godard, who was rolling her granddaughter in a baby carriage on the left shoulder of the road, was struck by the truck, greatly injured, and the baby killed.

The driver testified that he was unable to manage the truck at the time because the defendant "Lawson had his foot on the accelerator, and I could not get his foot off."

The defendant denied this, saying: "I did not have my foot on the pedal. I was asleep when the wreck occurred. When I woke up I did not have my foot on the accelerator."

The court instructed the jury that if they believed the evidence beyond a reasonable doubt to return a verdict of guilty of manslaughter. Exception.

Verdict: Guilty.

Judgment: Imprisonment in State's Prison for not less than two nor more than four years.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Elbert S. Peel for defendant.*

STACY, C. J. The defendant says in his brief: "There is a conflict in the testimony of Williams and Lawson. Of course, if Williams is to be believed, Lawson is guilty. On the other hand, if Lawson is to be believed he is not guilty, and he is entitled to have a jury pass upon the facts."

It must be conceded, we think, that the evidence is sufficiently equivocal, if not contradictory, to require its submission to the jury without peremptory instruction. *S. v. Anderson,* 208 N. C., 771; *S. v. Hicks,* 200 N. C., 539, 157 S. E., 851; *Strunks v. Ry.,* 187 N. C., 175, 121 S. E., 436; *Overall Co. v. Holmes,* 186 N. C., 428, 119 S. E., 817.

In the absence of some admission or incriminating testimony on the part of the defendant, it is seldom that a verdict of guilty can properly be directed in a criminal case. *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846; *S. v. Hill,* 141 N. C., 769, 53 S. E., 311; *S. v. Riley,* 113 N. C., 648, 18 S. E., 168.

New trial.

DEVIN, J., took no part in the consideration or decision of this case.