STATE v. ROY CECIL BROOME.

(Filed 22 March, 1967.)

**1. Criminal Law § 18—**

Upon appeal to the Superior Court from a county court, defendant is entitled to a trial *de novo* without prejudice from the former proceedings in the county court, and without regard to his plea of guilty in the county court. G.S. 15-177.1.

**2. Arrest and Bail § 3—**

A patrolman apprehending a person driving on a public highway while under the influence of intoxicating liquor may arrest such person without a warrant. G.S. 15-41(1), G.S. 20-188.

**3. Criminal Law § 21—**

A patrolman apprehended defendant driving on a public highway while under the influence of intoxicating liquor, arrested him without a warrant and gave defendant a ticket charging defendant with the offense. Defendant was not put in jail but was released upon bond. Thereafter a warrant was issued. Defendant contended that his constitutional rights were denied in that he was required to give bond before issuance of warrant and was not carried before a magistrate as required by G.S. 15-46. *Held:* The statute does not prescribe mandatory procedure affecting the validity of the prosecution in the trial court, and the facts do not disclose a deprivation of any constitutional rights of defendant.

**4. Indictment and Warrant § 12—**

The trial court has discretionary power to permit the amendment of a warrant charging defendant with operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, so as to charge that the offense was a third offense, since the amendment does not change the nature of the offense but relates solely to punishment.

**5. Automobiles § 72—**

The evidence in this case *held* amply sufficient to sustain defendant's conviction of driving a motor vehicle on a public highway while under the influence of intoxicating liquor.

**6. Criminal Law § 104—**

Defendant pleaded not guilty and controverted the charge against him. *Held:* It was error for the court to instruct the jury that if they believed all the evidence beyond a reasonable doubt to return a verdict of guilty.

**7. Criminal Law § 118—**

Upon a trial on a warrant charging defendant with operating a motor vehicle on a public highway while under the influence of intoxicating liquor and charging that defendant had theretofore been twice convicted of violating the statute, verdict of the jury of guilty of a first offense amounts to an acquittal in regard to the charge that the offense was a third offense, precluding further prosecution of that matter.

**8. Criminal Law § 164—**

Where defendant is acquitted of the charge that his offense was a third offense, the admission of evidence in regard to his alleged prior convictions cannot be prejudicial.

**9. Criminal Law § 139—**

Exception to the admission of incriminating statements of defendant without a *voir dire* hearing as to whether such statements were voluntarily made need not be considered when defendant is awarded a new trial on other grounds and it is probable that the matter will not arise upon the new trial.

APPEAL by defendant from *Parker (Joseph W.), J.,* October 1966 Session of SAMPSON.

Criminal prosecution upon an amended warrant charging defendant on 21 February 1966 with unlawfully and willfully operating a "motor vehicle on public highways of the State of North Carolina while under the influence of intoxicating liquor, this being his 3rd such offense; he having previously been convicted on a charge of operating a motor vehicle on public highways under the influence of intoxicating liquor in the Superior Court of Sampson County on Feb. 11, 1960 and again on Oct. 28, 1960," heard *de novo* upon an appeal from a plea of "guilty to driving under influence (3rd offense)," entered in the county court of Sampson County, and from a judgment pronounced upon such plea imprisoning defendant for one year, suspended upon the payment of $500 fine and costs.

In the Superior Court, defendant, who was represented by his counsel, Herbert B. Hulse, entered a plea of not guilty. Verdict: "Guilty as a first offender." From a judgment that defendant be imprisoned for 12 months, suspended upon the payment of a $250 fine and the costs, defendant appeals to the Supreme Court.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*

*Herbert B. Hulse for defendant appellant.*

PARKER, C.J. Upon defendant's appeal from the county court of Sampson County to the Superior Court, he, by virtue of the provisions of G.S. 15-177.1, is entitled to a trial *de novo* by a jury, without prejudice from the former proceedings of the court below, and regardless of his plea of "guilty to driving under influence (3rd offense)," and the judgment pronounced thereon. *S. v. Meadows*, 234 N.C. 657, 68 S.E. 2d 406.

In the Superior Court, defendant, before he entered a plea of not guilty, made a motion "that the charges against him be dismissed for that it appears from the record that his constitutional rights have been violated in this matter in that he was arrested on the 21st day of February, 1966, and on that date was committed to jail and required to give bail to obtain his release from jail, and that the warrant upon which he is now being tried was not issued until the 28th day of February, 1966." The court denied the motion, and the defendant excepts and assigns this as error. This assignment of error is overruled.

Defendant's assignment of error does not state in what respect his constitutional rights have been violated. However, he contends in his brief that he has been deprived of his constitutional rights in that he was arrested by a State highway patrolman without a warrant on 21 February 1966, and the warrant was not issued until 28 February 1966, and that the provisions of G.S. 15-46 were not complied with. He contends that he was required to give bond before issuance of the warrant, and that he was not carried before a magistrate as required by G.S. 15-46. He further contends in his brief that his arrest without a warrant denied him due process of law under the Fourteenth Amendment to the United States Constitution, and that all proceedings in connection with this arrest, including the warrant subsequently issued, should be quashed.

The State has evidence tending to show the following facts: About 9:15 p.m. on Monday, 21 February 1966, C. C. Albritton, a State highway patrolman, while patrolling a public highway in the State, saw an Oldsmobile ahead of him being driven "weaving" from the right shoulder of the highway across to the center of the highway and back. He stopped the Oldsmobile by cutting on his red light and sounding his siren. The patrolman got out of his patrol car, went to the left door of the Oldsmobile, opened the door, and found defendant to be the operator. He asked defendant to step out of his car, and come to the back of it in front of the patrol car. The defendant did this. In walking to the back of the Oldsmobile he staggered. He had a very strong odor of alcohol on his breath and, in the opinion of the patrolman, defendant was very much under the influence of some intoxicating drink. The patrolman

saw a fifth of whisky lying in the middle of the front seat of the Oldsmobile about half full. There was a woman in the back of the Oldsmobile asleep. He arrested defendant for driving an automobile under the influence of intoxicating liquor. He carried defendant to jail in his patrol car, and Patrolman Saintsing drove the Oldsmobile to the jail with the woman asleep in the back seat. When they arrived at the county jail, he woke the woman up and she was drunk. He arrested her for public drunkenness.

It is unlawful for any person while under the influence of intoxicating liquor to drive a motor vehicle upon the public highways within the State, G.S. 20-138. The highway patrolman, by virtue of the provisions of G.S. 20-188 and G.S. 15-41(1), was authorized under the circumstances to arrest defendant without a warrant, and such arrest was legal. It is not an essential of jurisdiction that a warrant be issued prior to the arrest and that defendant be initially arrested thereunder. S. v. Green, 251 N.C. 40, 110 S.E. 2d 609.

The evidence in the record shows that Patrolman Albritton either at the scene of the arrest or when he carried defendant to jail — the record is not clear — wrote up and gave to defendant a ticket wherein it was stated, among other things, that he was charged with unlawfully and willfully operating a motor vehicle on a public highway while under the influence of intoxicating liquor. The record shows in an addendum to it that defendant was not put in jail, but was released upon a bond of $200 for his appearance before the county court at its office on 15 March 1966. After defendant's record had been checked with the Department of Motor Vehicles, a warrant was issued on 28 February 1966 charging defendant with a third offense of operating a motor vehicle upon a public highway in the State while under the influence of intoxicating liquor. G.S. 15-46 does not prescribe mandatory procedure affecting the validity of defendant's trial in the Superior Court. S. v. Hargett, 255 N.C. 412, 121 S.E. 2d 589; S. v. Green, supra. Under the totality of the facts here, it is not shown by defendant that any of his constitutional rights under the Fourteenth Amendment to the Federal Constitution were violated, or that he was denied due process.

Defendant pleaded guilty in the county court to a warrant charging him on 21 February 1966 with unlawfully and willfully operating a "motor vehicle on public highways of the State of North Carolina while under the influence of intoxicating liquor, this being his 3rd such offense. (1st offense Sampson County Superior Court Feb. 11, 1960, 2nd offense Sampson County Superior Court Oct. 28, 1960)." In the Superior Court on appeal, the solicitor for the State moved to amend the warrant on which defendant was tried in the county court of Sampson County to allege "he having

previously been convicted on a charge of operating a motor vehicle on public highways under the influence of intoxicating liquor in the Superior Court of Sampson County on Feb. 11, 1960 and again on Oct. 28, 1960," instead of "1st offense Sampson County Superior Court Feb. 11, 1960, 2nd offense Sampson County Superior Court Oct. 28, 1960." The court allowed the solicitor's motion and the defendant excepted and assigns this as error. This assignment of error is overruled.

The trial judge in the Superior Court had discretionary power to permit the amendment to the warrant as set forth above. *S. v. Carpenter*, 231 N.C. 229, 56 S.E. 2d 713; *S. v. Grimes*, 226 N.C. 523, 39 S.E. 2d 394; *S. v. Lewis*, 177 N.C. 555, 98 S.E. 309; 2 Strong's N. C. Index, Indictment and Warrant, § 12. The amendment did not change the nature of the offense, to wit, driving an automobile upon a public highway while under the influence of intoxicating liquor. The amendment to the warrant with respect to the first and second offenses relates only to punishment. G.S. 20-179; *S. v. White*, 246 N.C. 587, 99 S.E. 2d 772.

The State introduced evidence. Defendant introduced no evidence. The State had abundant evidence to carry the case to the jury. Defendant's assignment of error to the denial of his motion for judgment of compulsory nonsuit made at the close of the State's evidence is without merit and is overruled.

Defendant assigns as error this part of the charge: "The court instructs you, gentlemen of the jury, that if you believe all of the evidence and beyond a reasonable doubt, it would be your duty to return a verdict of guilty as charged in the warrant." This assignment of error is good.

The State offered evidence tending to show that defendant on the date charged in the amended warrant did unlawfully and willfully operate an automobile upon a public highway within the State while under the influence of intoxicating liquor. C. C. Albritton, a State patrolman who arrested the defendant under the circumstances set forth above, testified as a witness for the State to this effect: After he arrested defendant and carried him to jail, he asked defendant a number of questions, and defendant in reply to some of the questions said he had had one drink of red whisky but was not under the influence of intoxicating liquor when he was driving the Oldsmobile. Whether or not upon the occasion here defendant was under the influence of intoxicating liquor when he was driving the Oldsmobile upon a public highway was an essential element of the charge against him in the amended warrant. On this point the State's evidence was contradictory. Consequently, the challenged part of the charge above quoted was prejudicial error

entitling defendant to a new trial. *S. v. Lawson,* 209 N.C. 59, 182 S.E. 692; *S. v. Shepherd,* 203 N.C. 646, 166 S.E. 745.

The verdict of the jury was, "Guilty as a first offender." The verdict amounts to an acquittal of the charge in the amended warrant that this was defendant's third such offense. 1 Strong's N. C. Index, Criminal Law, Section 118. When the case is tried again, it will be on the amended warrant charging him with unlawfully and willfully operating a motor vehicle upon the public highways of the State of North Carolina while under the influence of intoxicating liquor, and there will be omitted from the trial all reference to the charge in the warrant that this is defendant's third such offense.

Defendant has several assignments of error on the admission of evidence, over his objections and exceptions, relating to an extensive interrogation of defendant by the patrolman after his arrest in respect to the charge against him in the amended warrant and also in respect to the admission of records from the Department of Motor Vehicles in respect to alleged prior convictions of the defendant on a charge similar to the one here, the records furnished by the Department of Motor Vehicles consisting of many abbreviations. Defendant contends that evidence as to the defendant's statements in reply to Patrolman Albritton's questions "was admitted over the objection of the defendant without preliminary determination by the court upon the *voir dire.*" It is true that in the trial in the Superior Court the trial judge did not conduct a preliminary inquiry to determine the question of fact whether the statements of the defendant to the patrolman were or were not voluntary according to the rule in this jurisdiction so clearly stated by Ervin, J., in *S. v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572, 28 A.L.R. 2d 1104. In justice to the trial judge, defendant's experienced counsel did not ask for a preliminary investigation in respect to the circumstances surrounding such statements by defendant. Defendant was acquitted of the charge that the offense alleged in the warrant was his third such offense. Consequently, the records that the State introduced in this case in respect to the defendant's alleged prior convictions will be neither relevant nor admissible upon a retrial. As it is probable that upon a retrial the question of the admissibility of defendant's statements without a preliminary investigation as to the circumstances under which they were made will not recur, it is not necessary for us to discuss defendant's assignments of error as to the admission of such evidence.

For prejudicial error in the charge of the court to the jury, defendant is entitled to a

New trial.