STATE OF NORTH CAROLINA v. JAMES ABLE

No. 7126SC727

(Filed 29 December 1971)

1. Criminal Law § 21— failure to serve defendant with warrant — arrest on capias — trial on indictment

Fact that defendant was never served with a warrant but was arrested on a capias for failure to appear for trial, the warrant for defendant's arrest having been served on the wrong man, did not affect the validity of defendant's trial on an indictment for uttering a forged check.

2. Arrest and Bail § 9— arrest on capias — refusal of bondsmen to sign bond —denial of bond

Defendant's contention that he was in effect denied bond because he was unable to get a bondsman to sign his bond since he was arrested on a capias for failure to appear, the warrant having been served on the wrong man, and that denial of bond prevented him from finding witnesses to prepare his defense *held* without merit where the record fails to show that defendant was denied bond for such reason or that there were any witnesses who could have aided in the preparation of his defense and why counsel would not have been adequate to locate such witnesses.

APPEAL by defendant from *McLean, Judge,* 12 July 1971 Schedule B Criminal Session of MECKLENBURG Superior Court.

Defendant was tried on an indictment charging him with uttering a forged check. The original warrant for defendant's arrest was issued on 3 February 1969 but served on the wrong man. Although defendant had not been served with a warrant he was arrested on a capias on 11 November 1970 for failure to answer in court for the offense of uttering a forged check.

The State's evidence tended to show: Henderson Volkswagen, Inc. was broken into in January 1969. Certain blank checks were stolen and check #445, identified as State's exhibit #1, was one of the stolen checks. The signature on the check was not that of anyone employed at Henderson Volkswagen and was not an authorized signature. Defendant attempted to cash State's exhibit #1 at a small grocery in Charlotte on 31 January 1969.

Defendant contended and offered evidence tending to show that he was employed in New York on said dates and was not in Charlotte.

The jury found defendant guilty of attempting to utter a forged check and from judgment sentencing defendant to prison for a term of not less than 6 years 3½ months nor more than 9 years, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Edward L. Eatman, Jr., for the State.*

*Rodney L. Purser for defendant appellant.*

BRITT, Judge.

[1]   Defendant assigns as error the denial of his timely made motion to abate the action and quash the indictment upon the ground that he was arrested on a capias when he had never been served with a warrant.

In *State v. Hargett,* 255 N.C. 412, 121 S.E. 2d 589 (1961), the defendant before pleading to the bill of indictment, moved that the proceedings be stayed and abated. He contended he was denied due process of law because he was arrested when no warrant had been issued and because a preliminary hearing was not held. In that case the court held at page 413:

> "When a person is arrested without a warrant, the arresting officer shall inform such person of the charge against him and shall immediately, or 'as soon as may be,' take him before a magistrate and, on proper proof, a warrant shall be issued; an officer failing to comply with these requirements is subject to penalties. G.S. 15-45 and G.S. 15-47. A preliminary hearing may be held unless waived by defendant. G.S. 15-85 and G.S. 15-87. But none of these statutes prescribes mandatory procedures affecting the validity of a trial. A preliminary hearing is not an essential prerequisite to the finding of an indictment in this jurisdiction. 'We have no statute requiring a preliminary hearing, nor does the State Constitution require it. It was proper to try the petitioner upon a bill of indictment without a preliminary hearing.' *State v. Hackney,* 240 N.C. 230, 237, 81 S.E. 2d 778. See also *State v. Doughtie,* 238 N.C. 228, 232, 77 S.E. 2d 642; *State v. Cale,* 150 N.C. 805, 808, 63 S.E. 958."

We hold that the failure to serve a warrant on defendant in this case did not affect the validity of the trial.

State v. Able

[2] Defendant contends that he was, in essence, denied bond which was set at $500, he being indigent and unable to get a bondsman to sign his bond since he was arrested on a capias for failure to appear. We find no merit in this contention. Assuming, arguendo, that this is the practice of bondsmen, defendant failed to show that he was refused bond for this reason. Also, defendant's contention that his denial of bond prevented him from aiding in finding witnesses to prepare his defense is without merit as he failed to present any evidence of witnesses that he would have been able to locate to assist in the preparation of his defense, and why counsel would not have been adequate to locate said witnesses.

Defendant's other assignments of error are deemed abandoned under Rule 28, Rules of Practice in the Court of Appeals of North Carolina, since there are no reasons or arguments set forth in defendant's brief in support of said assignments of error.

For the reasons stated, we find

No error.

Judges BROCK and VAUGHN concur.