STATE OF NORTH CAROLINA v. DAN FOUST

No. 7315SC289

(Filed 9 May 1973)

**1. Arrest and Bail § 3; Constitutional Law § 30— arrest without warrant**
Defendant was not entitled to quashal of the warrant charging him with resisting arrest where he was arrested without a warrant

and was not taken before a magistrate as provided by G.S. 15-46, since that statute does not prescribe mandatory procedures affecting the validity of a trial.

**2. Arrest and Bail § 6; Disorderly Conduct § 2— resisting arrest — public drunkenness — sufficiency of evidence**

    In a prosecution for public drunkenness and resisting arrest evidence was sufficient to withstand nonsuit where it tended to show that defendant was a passenger in a car whose driver was arrested for drunken driving, defendant who appeared to be drunk himself got out of the car and cursed at police, defendant was then arrested for public drunkenness but he refused to get into the police car, could not be controlled and spat in policeman's face.

APPEAL by defendant from *Cooper, Judge,* 16 October 1972 Criminal Session, ALAMANCE Superior Court.

In one warrant defendant was charged with (1) public drunkenness and (2) illegal possession of tax-paid whiskey. In a second warrant he was charged with resisting arrest. The alleged offenses occurred on 5 September 1971. In district court defendant was acquitted of the illegal possession of whiskey charge but was found guilty of the other charges. From judgment imposed, he appealed to superior court.

In superior court the public drunkenness charge and the resisting arrest charge were consolidated for trial and a jury returned a verdict of guilty as to both charges. Thereafter, on motion of defendant, judgment was arrested as to the public drunkenness charge and it was dismissed "by reason of chronic alcoholism." From judgment imposing suspended sentence in the resisting arrest case, defendant appealed.

*Attorney General Robert Morgan by C. Diederich Heidgerd, Associate Attorney, for the State.*

*Walter G. Green for defendant appellant.*

BRITT, Judge.

[1]  In his first assignment of error, defendant contends the court erred in not allowing his motion to quash the warrant charging him with resisting arrest for the reason that he was arrested without a warrant and was not taken before a magistrate as provided by G.S. 15-46. The contention is without merit. In *State v. McCloud,* 276 N.C. 518, 173 S.E. 2d 753 (1970), our Supreme Court held that G.S. 15-46 and G.S. 15-47 do not prescribe mandatory procedures affecting the validity of a trial.

See also *State v. Broome,* 269 N.C. 661, 153 S.E. 2d 384 (1967) and *State v. Able,* 13 N.C. App. 365, 185 S.E. 2d 422 (1971). The assignment of error is overruled.

[2] Defendant assigns as error the failure of the court to grant his motions for nonsuit. The evidence, viewed in the light most favorable to the State, tended to show: Around 5:15 p.m. on Sunday, 5 September 1971, Graham police officers observed an automobile being driven in an unusual manner on a public street in the City of Graham. They stopped the car and the operator, who appeared to be drunk, was arrested. While the operator was being placed under arrest, defendant, a passenger in the car, got out of the car with the smell of alcohol on his breath, cursed at police, staggered, "foamed at the mouth" and spoke with a "thick tongue." Defendant was told that he was under arrest for public drunkenness after which he continued to curse and refused to get into the police car. The initial arresting officer had trouble controlling the defendant and another policeman assisted. Defendant pushed the assisting policeman and spat in his face.

A peace officer may arrest without a warrant when the person to be arrested has committed a misdemeanor in the presence of the officer or when the peace officer has reasonable grounds to believe that the person to be arrested has committed a misdemeanor in his presence. G.S. 15-41(1). *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569 (1972); *State v. Fenner,* 263 N.C. 694, 140 S.E. 2d 349 (1965). Under the evidence in the instant case, the questions (1) whether defendant committed a misdemeanor in the presence of the officer, or the officer had reasonable grounds to believe he did, and (2) whether defendant resisted arrest were for the jury. The assignment of error is overruled.

We have carefully considered the numerous other assignments of error brought forward and argued in defendant's brief but finding them without merit, they all are overruled.

No error.

Judges BROCK and PARKER concur.