STATE OF NORTH CAROLINA v. LEVI BURGESS

No. 7620SC774

(Filed 20 April 1977)

1. Criminal Law § 21; Constitutional Law § 28— first appearance before magistrate or judge — time limitation not mandatory
     G.S. 15A-601 and G.S. 15A-511 do not prescribe mandatory procedures affecting the validity of the trial in the absence of a showing that defendant was prejudiced thereby.

2. Criminal Law § 21; Constitutional Law § 28— first appearance before magistrate or judge — timeliness — no prejudice
     Defendant who was charged with felony escape and who was apprehended on 9 March 1976, served a warrant on 17 March 1976 and given a preliminary hearing on 6 April 1976 was not brought before a magistrate or before a district court judge for a first appearance within the times prescribed by G.S. 15A-601 and 15A-511, but defendant did not contend or show that he was prejudiced at trial by non-compliance with the statutes.

APPEAL by defendant from *Lupton, Judge.* Judgment entered 22 July 1976 in Superior Court, STANLY County. Heard in the Court of Appeals 8 March 1977.

Defendant pled not guilty to the charge of felony escape while serving a felony sentence.

Defendant left the Stanly County Unit No. 4545 of the Department of Corrections on 31 January 1976, was apprehended

on 9 March 1976, and was returned to the Unit the following day. He was served with a warrant on 17 March 1976. Preliminary hearing was held in District Court on 6 April 1976.

The State's evidence supports the charge. Defendant testified that he left after a guard gave him permission to do so. The jury found defendant guilty as charged, and he appealed from judgment of imprisonment to commence at the expiration of a specified sentence on a larceny charge.

*Attorney General Edmisten by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*David A. Chambers for defendant appellant.*

CLARK, Judge.

Defendant brings forward one assignment of error, the failure of the trial court to dismiss the charge on the ground that procedural statutes, G.S. 15A-511 and G.S. 15A-601, had not been followed and "to condone non-compliance would result in an injustice."

G.S. 15A-511(a) requires a law-enforcement officer making an arrest to take the arrested person "without unnecessary delay before a magistrate." The former statute, G.S. 15-46, required that the person arrested be "immediately" taken before a magistrate. The State Supreme Court has held that G.S. 15-46 did not prescribe mandatory procedures affecting the validity of a trial. *State v. McCloud,* 276 N.C. 518, 173 S.E. 2d 753 (1970); *State v. Broome,* 269 N.C. 661, 153 S.E. 2d 384 (1967). And see *State v. Foust,* 18 N.C. App. 133, 196 S.E. 2d 374 (1973); *State v. Able,* 13 N.C. App. 365, 185 S.E. 2d 422 (1971).

G.S. 15A-601(c) provides that " . . . first appearance before a district court judge must be held within 96 hours after the defendant is taken into custody or at the first regular session of the district court in the county, which ever comes first. . . . " The former statute contained no similar provision.

It appears from the Official Commentary that the main purposes of the first appearance are:

"(1) To make sure the defendant's right to counsel is assured for the further proceedings.

(2) To determine the sufficiency of the charge.

(3) To review or determine the conditions of pretrial release.

(4) Set the date for, or secure a waiver of, the probable-cause hearing."

[1] We hold that G.S. 15A-601 and G.S. 15A-511 do not prescribe mandatory procedures affecting the validity of the trial in the absence of a showing that defendant was prejudiced thereby.

[2] It does not appear that defendant was brought before a magistrate or before a district court judge for a first appearance within the times prescribed by statute. Defendant does not contend that he was prejudiced at trial by non-compliance with G.S. 15A-511 or G.S. 15A-601. When he escaped defendant was serving a felony sentence. He had no right to pre-trial release. A probable cause hearing was held in the district court on 6 April 1976; probable cause was found, and defendant was bound over to superior court. He was fully informed of the charge against him. He was represented by counsel at trial. Witnesses were subpoenaed, and they testified in his behalf. The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and HEDRICK concur.