STATE OF NORTH CAROLINA v. CHARLES LEONARD PRUITT

No. 7926SC273

(Filed 3 July 1979)

**Criminal Law § 21.1; Constitutional Law § 28— first appearance before judge — delay — no prejudice to defendant**

Defendant was not prejudiced by the denial of his first appearance rights prescribed by G.S. 15A-601, since statements given to police before his appearance before a judge were freely, intelligently, and voluntarily made without coercion and duress and after defendant on each occasion had been fully advised of his constitutional rights and had intelligently and voluntarily waived his rights to the presence of counsel.

APPEAL by defendant from *Snepp, Judge*. Judgment entered 25 October 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 June 1979.

Defendant was convicted by a jury for armed robbery. He was sentenced to a term of not less than 25 nor more than 30 years. Prior to trial, defendant moved to suppress evidence of identification by two of the State's witnesses and to suppress statements given by the defendant to an officer of the Charlotte Police Department. The trial court conducted a lengthy *voir dire* and concluded that the in-court identification of the defendant by the State's witnesses was based upon their observations of him at the scene of the crime and that there was nothing impermissively suggestive about photographic identification procedures in which the witnesses participated. The court also concluded that two statements given by defendant were freely, intelligently and

State v. Pruitt

voluntarily made without coercion and duress and that the defendant on each occasion had been fully advised of his constitutional rights and had intelligently and voluntarily waived his right to the presence of counsel. Also included in the court's order is the following:

> The court finds from the case file that there is no record that the defendant ever was accorded a first appearance before a magistrate, as required by North Carolina General Statute 15A-601. However, the court has no evidence before it that if such hearing was not held, the defendant was prejudiced in any way, having been fully advised of his rights and having understandingly, intelligently, and voluntarily waived them before making any statements to the police.

The trial court then denied the defendant's motion and the State offered evidence tending to show that the defendant entered the Steak and Egg Kitchen on 26 July 1978, and, along with two others, robbed the cash register while armed with a weapon.

Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Ann C. Villier, for the defendant.*

CARLTON, Judge.

Defendant's sole specific assignment of error is that the trial court committed error by denying his motion to dismiss after finding that he was never accorded a first appearance as required by G.S. 15A-601. That statute provides in pertinent part as follows: "Unless the defendant is released pursuant to Article 26 of this Chapter, Bail, first appearance before a district court judge must be held within 96 hours after the defendant is taken into custody or at the first regular session of the district court in the county, whichever occurs first."

The record discloses that defendant was arrested on 27 July 1978 at which time he was taken to the Mecklenburg County Jail. He remained incarcerated there without an appearance before a judge until 24 August 1978. On that date, he appeared in the

superior court for arraignment at which time he filed an affidavit of indigency and counsel was appointed to represent him. Defendant argues that during the 29 day period of incarceration he was questioned by police on two occasions without representation by legal counsel and that, during this time, he gave two written confessions or incriminating statements later introduced at trial over his objections.

We think this case is controlled by *State v. Burgess*, 33 N.C. App. 76, 234 S.E. 2d 40 (1977). There, this Court specifically held that G.S. 15A-601 did not prescribe mandatory procedures affecting the validity of the trial in the absence of a showing that defendant was prejudiced thereby. The question, therefore, is whether defendant was prejudiced by the denial of his first appearance rights.

We hold that the defendant was not prejudiced by the denial of his first appearance rights. The trial court concluded that the statements of the defendant given to the police were freely, intelligently, and voluntarily made without coercion and duress and after the defendant on each occasion had been fully advised of his constitutional rights and had intelligently and voluntarily waived his rights to the presence of counsel. Judge Snepp was obviously sensitive to defendant's claim and required the conducting of a lengthy *voir dire*. His detailed findings and conclusions are amply supported by evidence produced at the *voir dire*. Indeed, defendant does not attack the competency or sufficiency of the evidence presented on *voir dire* on appeal. We note also the proviso in G.S. 15A-601 that, "[t]his first appearance before a district court judge is not a critical stage of the proceedings against the defendant."

While we hold that G.S. 15A-601 is not a mandatory procedure affecting the validity of a trial in the absence of a showing of prejudice, we do not approve the practice followed here. This statute was designed not only to ensure the protection of defendant's constitutional rights, but also to ensure the orderly progression of a criminal proceeding. The first appearance is a clear and specific directive of our General Statutes and the appropriate officials would be well advised to abide by the prescribed procedures. Indeed, the State runs the risk, in failing to provide the first appearance, of being forced to trial again for an obviously guilty, but prejudiced, defendant.

Counsel for defendant requested that we examine the entire record for error. We have done so and find that the defendant had a fair trial, free from prejudicial error.

In the proceedings below, we find

No error.

Judges CLARK and ERWIN concur.