STATE OF NORTH CAROLINA v. THELTON BENJAMIN MATTHEWS

No. 786SC883

(Filed 20 February 1979)

**Arrest and Bail §§ 3.8, 4— stopping by city policemen—legality of arrest—arrest by trooper not at scene of crime**

 In a prosecution of defendant for driving while his license was suspended and driving under the influence, defendant's contentions that his arrest was illegal because city policemen arrested him outside their territorial jurisdiction, that a highway patrol trooper who was not at the scene of the alleged crime had no probable cause to make an arrest, and that there was no probable cause determination by a judicial officer after his arrest were without merit, since it was not necessary to determine whether defendant's arrest was illegal because an arrest, though illegal, may be constitutionally valid; on the basis of the facts told the trooper by the city policemen, which constituted reasonably reliable information to provide probable cause, and on the basis of the trooper's observation of defendant, there was ample evidence to provide him with probable cause to believe that the misdemeanor of driving under the influence had been committed; and on the day of defendant's arrest he was taken before a magistrate who signed an order of commitment and a release order.

APPEAL by defendant from *Rouse, Judge*. Judgment entered 13 April 1978 in Superior Court, HERTFORD County. Heard in the Court of Appeals 16 January 1979.

Defendant was cited for driving while his operator's license was suspended (G.S. 20-28) and for driving under the influence of intoxicating liquor (G.S. 20-138). In district court he was found guilty of both offenses, and he appealed to superior court. There the State presented evidence that on 16 April 1977 three Ahoskie policemen in a marked patrol car were forced off the road by a

car turning toward them out of a side road. The policemen stopped the car two miles outside of town, and as they pulled in behind it they saw the driver and the passenger exchange places. Defendant, in the passenger seat, was observed to be unsteady on his feet and to have an odor of alcohol about his person. Kevin Parker was in the driver's seat. The policemen, two of whom were in uniform, asked defendant and Parker to come with them to the Ahoskie Police Department. There they were arrested by Trooper Banks of the Highway Patrol, who was not present at the scene where the automobile was stopped. The officers did not make charges on the highway because they had no jurisdiction to make arrests there. At the police station defendant was given balance and breathalyzer tests and found to have a blood alcohol content of .17%.

Kevin Parker testified for defendant that it was he who was driving the car when they were stopped. Chief Willoughby of the Ahoskie Police told them " 'You will have to go with us down there to the Ahoskie Police Department.' " There was a tall cup of Pepsi in the car which started to spill when they stopped, and defendant reached down to grab it.

The defendant was found guilty of both offenses and sentenced to 6 months on each charge, with both sentences suspended for three years upon certain conditions. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for the state.*

*Rosbon D. B. Whedbee for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the charges against him should have been dismissed because his arrest was illegal and unconstitutional. He argues that the Ahoskie policemen arrested him outside their territorial jurisdiction, that Trooper Banks had no probable cause to make an arrest, and that there was no probable cause determination by a judicial officer after his arrest.

G.S. 15A-402(c) sets the territorial jurisdiction for arrests by city policemen at one mile outside the city limit. The evidence here is uncontradicted that defendant was stopped by the Ahos-

kie policemen more than two miles outside the city limit. The question is whether the arrest took place at that point, or later at the police station. If the former is the case, the arrest was illegal, since where arrests are regulated by statute, an arrest which does not comply with the statute is illegal. *Cf. State v. Williams*, 31 N.C. App. 237, 229 S.E. 2d 63 (1976). But we find it unnecessary to determine whether the arrest was illegal, since an arrest, though illegal, may be constitutionally valid, *State v. Eubanks*, 283 N.C. 556, 196 S.E. 2d 706, *reh. den.* 285 N.C. 597 (1973), and "[t]he fact that an original arrest may have been unlawful . . . does not preclude trial of the accused for the offense." 5 Am. Jur. 2d, Arrest § 116 at 796.

It is also argued by defendant that the arrest was illegal because there was no issuance of a magistrate's order showing a finding of probable cause as required by G.S. 15A-511(c)(3). Such compliance, however, is not mandatory, and a failure to comply will not affect the validity of a trial. *State v. Burgess*, 33 N.C. App. 76, 234 S.E. 2d 40 (1977). Defendant has shown no prejudice by the non-compliance and we believe he could show none, since on the day of his arrest he was in fact taken before a magistrate, who signed an order of commitment and a release order. Defendant secured his release shortly thereafter by giving an appearance bond.

Defendant further contends that Trooper Banks had no probable cause to arrest him at the police station, because the requirements of G.S. 15A-401(b)(2)b were not met. This subsection requires an officer making an arrest without a warrant for a misdemeanor committed out of his presence to have probable cause to believe (1) that the person has committed a misdemeanor *and* (2) that the person will not be apprehended unless immediately arrested, or that he may injure himself or others unless immediately arrested.

We find no merit in defendant's contention that Banks had no probable cause to believe that defendant had committed a misdemeanor, the first requirement of G.S. 15A-401(b)(2)b. Sergeant Hoggard testified that "[w]hen we got to the police station, I explained the facts to Mr. Banks." Chief Willoughby radioed the police station after he had stopped the car and "asked what Trooper Banks wanted to do and he said for us to ask them if

they would come to town." Trooper Banks testified that Hoggard and Willoughby told him where they had stopped defendant, and that he was under the influence in their opinion. "As a result of what they told me, I placed [defendant] under arrest . . . ." Banks observed that defendant was unsteady on his feet and had a strong odor of liquor on his breath. Defendant was unable to perform the balancing tests Banks gave him.

Considering Banks' own observations of defendant, and information given him by the other officers, there was ample evidence to provide Trooper Banks with probable cause to believe that a misdemeanor had been committed. Obviously information given by one officer to another officer is reasonably reliable information to provide probable cause. *In re Gardner*, 39 N.C. App. 567, 251 S.E. 2d 723 (1979). "Probable cause and 'reasonable ground to believe' are substantially equivalent terms." *State v. Harris*, 279 N.C. 307, 311, 182 S.E. 2d 364, 367 (1971). "[W]hether probable cause exists depends upon whether at that moment the facts and circumstances within [the officer's] knowledge and of which [he has] reasonably trustworthy information are sufficient to warrant a prudent man in believing that the suspect has committed or is committing an offense." 1 Strong's N.C. Index 3d, Arrest and Bail § 3.1 at 415. The same evidence that provides probable cause for a belief that a misdemeanor had been committed is sufficient to provide probable cause to believe that defendant might injure himself or others if allowed to leave the police station at that time. *Cf. State v. Eubanks, supra.*

Defendant's other assignments of error have been reviewed and do not avail.

No error.

Judges PARKER and WEBB concur.