STATE OF NORTH CAROLINA v. ANTONIA DEBORAH AFFLERBACK

No. 7910SC1075

(Filed 15 April 1980)

1. **Criminal Law §§ 23, 84, 146.5— suppression motion denied—notice of appeal required before plea bargain completed**

   Defendant's appeal from denial of his motion to suppress was not properly before the court on appeal where defendant entered a bargained plea of guilty but gave the State no notice at any time of his intention to appeal. G.S. 15A-979(b).

2. **Criminal Law § 84; Constitutional Law § 28; Searches and Seizures § 3— officer's search beyond territorial jurisdiction—no violation of due process**

   It is not fundamentally unfair or prejudicial to a defendant, and therefore violative of his right not to be deprived of his liberty or property without due process of law, that evidence is obtained by police officers outside their territorial jurisdiction while conducting an undercover investigation.

APPEAL by defendant from *Lee, Judge.* Judgment entered 28 June 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 27 March 1980.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Kyle S. Hall, for defendant appellant.*

VAUGHN, Judge.

Defendant moved to suppress evidence pursuant to G.S. 15A-974 based on violations of the due process clauses of the

State and Federal Constitutions. N.C. Const. art. I, § 19, U.S. Const. amend. V. The motion was heard on the following stipulated facts.

1. That Raleigh Police Officer, K. N. Privette, in a separate and unrelated investigation, had received information that the defendant was trafficking in drugs, but he received no specific information that such trafficking was being done in Raleigh.

2. That the defendant was, and is, a resident of Zebulon, North Carolina, a town located more than twenty miles east of the city limits of Raleigh.

3. That all alleged drug transactions between the defendant and Raleigh Police Officers, K. N. Privette and D. C. Williams, took place outside the territorial jurisdiction of the City of Raleigh and more than one mile beyond the city limits thereof.

4. That the alleged drug transactions were not an extension of any undercover campaign going on within the City of Raleigh, or within one mile beyond said city limits.

5. That at the time of the alleged drug transactions Officers K. N. Privette and D. C. Williams were on duty as Raleigh Police Officers.

6. That neither of the officers, K. N. Privette or D. C. Williams, were operating at the request of any other law enforcement agency having territorial jurisdiction within G.S. 160A-288.

The trial court found the facts to be as stipulated and further found "that on September the 20th, 1978, the defendant was encountered in Knightdale by Officers Williams and Privette and on January the 3rd, 1979, in Zebulon; that both Knightdale and Zebulon are beyond the territorial jurisdiction of Raleigh Police Officers." Upon these findings of fact, the trial court concluded that

nothing in the laws or Constitution of the State of North Carolina, nor anything in the Fifth Amendment of the Constitution of the United States, or the Fourteenth Amendment to the Constitution of the United States requires that the

evidence sought to be suppressed be suppressed, and, therefore, the defendant's motion is denied.

Defendant then entered a plea of guilty to one count charging the sale and delivery of marijuana which was accepted and upon which a suspended sentence was entered.

[1]  Appeal is pursuant to G.S. 15A-979(b) which permits appellate review of a final order denying a motion to suppress even though judgment has been entered upon a plea of guilty.

> [W]hen a defendant intends to appeal from a suppression motion denial pursuant to G.S. 15A-979(b), he must give notice of his intention to the prosecutor and the court before plea negotiations are finalized or he will waive the appeal of right provisions of the statute. We cannot believe that our legislature, in adopting G.S. 15A-979(b), intended any less fair posture for appeal from a guilty plea.

*State v. Reynolds*, 298 N.C. 380, 397, 259 S.E. 2d 843, 853 (1979). There is no evidence in the record that the State or the trial court was aware at the sentencing hearing that defendant intended to appeal the denial of the suppression motion. In the plea, it was made clear by the State that upon entry and acceptance of this bargained plea of guilty, the State would dismiss five related charges. There is no notice by defendant in the plea or anywhere else in the record that it was his intent to appeal denial of his motion to suppress evidence. Such notice must be given under G.S. 15A-979(b) as interpreted by our Supreme Court. Consequently, the appeal is not properly before us.

Because this is a recent interpretation of the statute which gives defendant his right to appeal and which was handed down just before this appeal was docketed, we will, nevertheless, discuss defendant's claim on its merits. Defendant seeks to have evidence suppressed because of the action of the officers outside of their territorial jurisdiction. Defendant has no statutory authority on which to base the suppression even if the officers' actions were contrary to statutory authority which we do not concede. *State v. Eubanks*, 283 N.C. 556, 196 S.E. 2d 706, *reh. den.*, 285 N.C. 597 (1973); *State v. Matthews*, 40 N.C. App. 41, 251 S.E. 2d 897 (1979). Evidence will be suppressed only if defendant's constitutional rights have been violated and the sanction for such a violation is suppression.

If this case were before us as a Fourth Amendment search and seizure, that is to say on these facts that the undercover officers had arrested defendant outside their territorial jurisdiction, no violation of defendant's constitutional rights would have occurred. That issue has been resolved in *State v. Mangum*, 30 N.C. App. 311, 226 S.E. 2d 852 (1976), where this Court held that not withstanding a technical violation of a police officer's jurisdictional statute, the officer had probable cause to arrest the defendant and evidence seized incident thereto was admissible.

[2] In the case at hand, defendant bases his constitutional claims on a violation of his right not to be deprived of his liberty or property without due process of law. U.S. Const. amend. V and amend. XIV; N.C. Const. art. 1, § 19. The due process clauses of both the State and Federal Constitutions guarantee to all criminal defendants that any trial and any resulting conviction will be consonant with fundamental principles of liberty and justice. *State v. White*, 274 N.C. 220, 162 S.E. 2d 473 (1968). It is not fundamentally unfair nor prejudicial to a defendant that evidence is obtained by police officers outside of their territorial jurisdiction while conducting an undercover investigation. It is not a violation of defendant's constitutional right embodied in the due process clauses of either the State or Federal Constitutions.

No error.

Judges CLARK and MARTIN (Harry C.) concur.