State v. Stanley

STATE OF NORTH CAROLINA v. CHARLES WINSLOW STANLEY

No. 82SC656

(Filed 1 February 1983)

1. **Bribery § 3; Public Officers § 11— police officer—bribery—failure to discharge duties of office—sufficiency of evidence**

The State's evidence was sufficient for the jury to find defendant police officer guilty of bribery and of willfully failing to discharge the duties of his office by failing to make an arrest where it tended to show that defendant and another officer stopped a vehicle occupied by two persons for failure to stop at a stop sign; the officers searched the vehicle and seized two pistols, a shotgun, an open bottle of bourbon, and a small amount of marijuana and some pills; the other officer told defendant that he was arresting the vehicle driver for drug, liquor and weapons offenses; before taking the occupants of the vehicle to the police station, the other officer asked defendant which of the guns he wanted, and defendant replied that he would rather have the shotgun; defendant overheard the other officer tell the vehicle occupants that "if we make a deal, if we work something out, you are not going to go out and tell everyone"; the vehicle driver prepared bills of sale showing that a pistol had been sold to the other officer and that the shotgun had been sold to defendant; each officer witnessed the other's bill of sale; the vehicle driver did not receive any money for either weapon; and the two vehicle occupants were never taken before a magistrate or served with any written citations or warrants, but were allowed to leave. G.S. 14-217; G.S. 14-230.

2. **Criminal Law § 50— intent of witness**

In a prosecution of a policeman for bribery and failure to discharge the duties of his office, a witness was properly allowed to testify that he turned certain guns over to defendant and another officer because he didn't have enough money to pay a fine and he knew charges against him would be dropped if he gave up the weapons, since a witness may testify as to his own intention and understanding.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 17 September 1981 in Superior Court, PENDER County. Heard in the Court of Appeals 11 January 1983.

Defendant was indicted for bribery, extortion, and willful failure to discharge the duties of his office as a policeman. The extortion charge was dismissed at the close of State's evidence. He was convicted of bribery and willful failure to discharge the duties of his office, and was sentenced to a one year prison term.

State's evidence tends to show that defendant and John Adams, police officers for the Town of Topsail Beach, stopped a

vehicle being driven by David Garland for failure to stop at a stop sign. Officer Adams searched the vehicle and seized a .38 Smith & Wesson pistol that belonged to Garland's passenger, Clara Manley; an open bottle of bourbon; a .22 pistol; and a small amount of marijuana and some pills. Defendant searched the vehicle and seized a Savage 20 gauge shotgun. Adams told Garland and defendant that he was arresting Garland for drug, liquor and weapons offenses.

Defendant told an SBI agent investigating the incident that, before taking Garland and Manley to the police station, Officer Adams asked defendant which of the guns did he want. Defendant replied that he would rather have the shotgun. Defendant also overheard Adams tell Garland and Manley that "if we make a deal, if we work something out, you are not going to go out and tell everyone. . . ."

While defendant was out, Garland prepared bills of sale showing that the .22 pistol had been sold to Officer Adams and the Savage shotgun had been sold to defendant. Upon defendant's return, each officer witnessed the other's bill of sale. Garland did not receive any money for either weapon.

Garland and Manley were never served with any written citations or warrants, nor were they taken before a magistrate. They were allowed to leave.

Defendant testified that he was following the orders of his superior, Officer Adams. At Adams' insistence, he told Adams that he preferred the shotgun. He did not arrest Officer Adams or take any other appropriate action because he was "gathering information as to questionable procedures being used by Officer Adams" as ordered by the police chief. He offered Garland $15.00 for the gun, but Garland refused the offer, telling him just to sign the bill of sale, that "everything has been took (sic) care of."

*Attorney General Edmisten, by Assistant Attorney General Henry T. Rosser, for the State.*

*James K. Larrick, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the court erred in denying his motions to dismiss at the close of State's evidence and at the close of

all the evidence and for appropriate relief due to the insufficiency of the evidence. Defendant argues that there was no evidence that he agreed to drop charges in exchange for the weapon, or that he acted in concert with Officer Adams. He also argues that he did not have the lawful authority to arrest Garland or Manley for the offenses listed in the indictment since the offenses were committed out of defendant's presence. We disagree.

A motion to dismiss is properly denied when, considering the evidence in the light most favorable to the State, there is any evidence, whether introduced by the State or defendant, which will support the charges contained in the indictment. All contradictions and discrepancies in the evidence are to be resolved in the State's favor, and the defendant's evidence may be considered if it merely explains or clarifies and is not inconsistent with the State's evidence. There must be substantial evidence of the elements of the offense charged. *State v. McCoy*, 303 N.C. 1, 277 S.E. 2d 515 (1981).

Under G.S. 14-217, as applicable to the present case, a person is guilty of bribery if, while holding a public office, he receives something of value for omitting to perform an official act with the express or implied understanding that his official action or inaction was to be influenced by the thing of value. Under G.S. 14-230, as applicable to this case, defendant would be guilty of willfully failing to discharge the duties of his office by failing to make an arrest.

Applying these principles, we have reviewed the record and find that there was sufficient evidence of each of the essential elements of the offenses. The jury could have inferred that there was an agreement based upon the evidence of defendant's receipt of the gun and the dropping of the charges.

There was also sufficient evidence for the jury to find that defendant acted in concert with Adams in defendant's statement to Adams that he preferred the shotgun; in defendant's statement that he liked Savage shotguns and would not mind having one himself; in the signing and witnessing of the bills of sale with Adams; in receiving the gun without making any payment; and in allowing Garland and Manley to leave without any further action. The performance by defendant of some act forming part of the crime charged, although not required, constitutes strong evidence

that the defendant was acting in concert with another who did other acts leading toward the commission of the crime. *State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979).

Defendant had the authority to arrest Garland and Manley based upon his observing Adams removing the articles from the Garland vehicle, and Adams' informing defendant of what he had found and the offenses committed by Garland and Manley. Probable cause to make an arrest may be provided by the officer's own observations and information given him by other officers. *State v. Matthews*, 40 N.C. App. 41, 251 S.E. 2d 897 (1979).

[2] Defendant next contends that the court erred in admitting the following testimony of Garland, given in response to a question asking him why he turned the shotgun over to the officers: "I didn't have enough money to pay for a fine and I was out of state residence (sic); so I couldn't be bounded (sic) and I knew that the charges would be dropped if I gave the weapons up." We find no error. A witness may testify as to his own intention and understanding when they are relevant. 1 Brandis on North Carolina Evidence Sec. 130 (2d Rev. Ed. 1982).

Defendant's remaining assignments of error concern whether there was a fatal variance between the indictment and the proof at trial and whether the court instructed on law not presented by the evidence. Since defendant makes essentially the same arguments in support of these assignments of error as he did in challenging the sufficiency of the evidence, these assignments of error cannot prevail.

In the trial of defendant, we find

No error.

Judges HILL and WHICHARD concur.