STATE OF NORTH CAROLINA v. FRANKIE SHELTON PEARSON, JR., DEFENDANT

No. COA98-23

(Filed 3 November 1998)

### 1. Evidence— motion to suppress—required affidavit

The trial court erred in a prosecution for driving while impaired by allowing defendant's motion to suppress Intoxilyzer results obtained by an officer outside his jurisdiction. The motion to suppress was not accompanied by the affidavit required by N.C.G.S. § 15A-977(a).

---

**2. Evidence-Intoxilyzer results— officer out of jurisdiction— not a substantial violation of defendant's rights**

The trial court erred in a prosecution for driving while impaired by allowing defendant's motion to suppress Intoxilyzer results where the Intoxilyzer in the county where defendant was arrested displayed an incorrect date and time, defendant was taken to another county for an Intoxilyzer test and taken before the magistrate there, and defendant moved to suppress the Intoxilyzer results based on the administering officer being out of his jurisdiction. Even if the motion to suppress was procedurally valid, the officer's technical violation would not be so serious as to constitute a substantial violation of defendant's rights.

Judge GREENE concurring in the result.

Appeal by the State, pursuant to N.C. Gen. Stat. § 15A-1445(b) (1997), from order allowing defendant's Motion to Suppress entered 9 October 1997 by Judge James R. Vosburgh in Halifax County Superior Court. Heard in the Court of Appeals 6 October 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Jonathan P. Babb, for the State.*

*Hux, Livermon & Armstrong, L.L.P., by James S. Livermon, Jr., for defendant.*

SMITH, Judge.

Defendant was arrested for driving while impaired (DWI), in violation of N.C. Gen. Stat. § 20-138.1 (1993), on 9 October 1995. On 3 October 1997, defendant filed a Motion to Suppress breathalyzer results obtained after his arrest. The Halifax County Superior Court entered an order allowing the Motion to Suppress on 9 October 1997. The State appeals. We reverse the decision of the trial court and remand for trial.

Defendant was arrested in Roanoke Rapids, Halifax County, North Carolina, and was taken to the Roanoke Rapids Police Department. The arresting officer, L. S. Spragins, a certified chemical analyst, advised defendant of his Intoxilyzer rights and began preparing the Intoxilyzer machine, which displayed an incorrect date and time. After consulting with a superior officer, Officer Spragins took defendant to the Halifax County Sheriff's Department, in Halifax, North Carolina, for an Intoxilyzer test. Officer Spragins administered

the Intoxilyzer test and took defendant before the Magistrate in Halifax where Officer Spragins testified that defendant's alcohol level was 0.13, based upon the results of the Intoxilyzer.

Prior to trial, defendant made a motion to suppress the Intoxilyzer test results, arguing that the actions of Officer Spragins were in violation of North Carolina law in that he was outside of his territorial jurisdiction when he administered the test. Defendant made this argument at the hearing on the motion and in his Memorandum of Law, but failed to include an affidavit in support of the motion.

[1] The State argues that defendant's motion should have been denied pursuant to N.C. Gen. Stat. § 15A-977(a) because it was not accompanied by an affidavit. Section 15A-977 sets forth what is required, procedurally, on a motion to suppress evidence. The statute states in relevant part,

> A motion to suppress evidence in superior court made before trial must be in writing and a copy of the motion must be served upon the State. The motion must state the grounds upon which it is made. The motion *must be accompanied by an affidavit containing facts supporting the motion.*

N.C. Gen. Stat. § 15A-977(a) (1997) (emphasis added).

The North Carolina Supreme Court has held, "A defendant who seeks to suppress evidence upon a ground specified in G.S. 15A-974 *must* comply with the procedural requirements outlined in G.S. 15A-971, *et seq.*" *State v. Satterfield,* 300 N.C. 621, 624, 268 S.E.2d 510, 513 (1980) (emphasis added). The grounds specified in G.S. 15A-974 are for constitutional violations or if the evidence was "obtained as a result of a substantial violation of the provisions of this Chapter." N.C. Gen. Stat. § 15A-974 (1997). Although defendant did not specifically designate this Chapter as grounds for his motion, the trial court held "that the violation of the Defendant's rights is a *substantial violation.*" This language comes directly from G.S. 15A-974. As such, in order for defendant to attempt to suppress the evidence that was obtained through means substantially violative of defendant's rights, his motion to suppress must meet the procedural requirements of G.S. 15A-977(a).

[2] Even if the motion to suppress were valid, the officer's actions can not be construed as "substantially violative" of defendant's rights. Defendant sought to have the evidence suppressed because the offi-

cer acted outside of his territorial jurisdiction. Even if the officer's actions were contrary to statutory authority, which we do not believe to be the case, this technical violation would not be so serious as to constitute a "substantial violation" of defendant's rights. In fact, this Court has held that "[i]t is not fundamentally unfair nor prejudicial to a defendant that evidence is obtained by police officers outside of their territorial jurisdiction." *State v. Afflerback*, 46 N.C. App. 344, 347, 264 S.E.2d 784, 785 (1980) (referring to evidence obtained pursuant to an undercover investigation).

Finally, we note that defendant-appellee's brief was not double-spaced and violated Rule 26(g) of the North Carolina Rules of Appellate Procedure. *See Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 468 S.E.2d 269 (1996). We caution counsel that such conduct is unacceptable to this Court.

Reversed and remanded.

Judge WALKER concurs.

Judge GREENE concurs in the result.

Judge GREENE concurring in the result.

The defendant's primary argument in support of the order of suppression is that the Roanoke Rapids police officer acted beyond his territorial jurisdiction in transporting the defendant to another jurisdiction, the town of Halifax, for the purpose of securing an Intoxilyzer test. Neither party disputes that the officer had authority to make the arrest, as the arrest occurred within the officer's jurisdiction of the town limits of Roanoke Rapids. I agree with the State that the limits on the territorial authority of the police contained in N.C. Gen. Stat. § 160A-285 and § 160A-286 do not preclude the transportation of a person after arrest to another destination, including a place outside of the territorial jurisdiction of the arresting officer, for the purpose of administering a test of the defendant's breath in compliance with N.C. Gen. Stat. 20-16.2(a). N.C.G.S. §§ 160A-285, -286 (1994); *see also* N.C.G.S. § 20-16.2(a) (Supp. 1997). Because the order of the trial court was based on the belief that the transportation of the defendant to Halifax, for the purpose of securing a Intoxilyzer test, was in violation of the officer's authority, that order must be reversed. On this basis, I concur with the result reached by the majority.