STEELMAN, Judge.
 

 Defendant was charged with numerous sex offenses. Prior to trial, defendant filed a motion to suppress statements he made to deputies of the Guilford County Sheriff's Department and any evidence seized as a result of his statement. Defendant, Deputy Leonard Stump, Jr., Sergeant Robert R. Hamilton, Jr., Detective David Clifton Shaw, and Detective Janet Ellington testified at the suppression hearing. After hearing the evidence and arguments of counsel, the trial court denied defendant's motion to suppress. Thereafter, defendant pled guilty to four counts of statutory sex offense, two counts of third degree sexual exploitation and four counts of indecent liberties with a child. The trial courtsentenced defendant to 191 to 239 months imprisonment.
 

 In his plea agreement, defendant specifically reserved his right to appeal the trial court's denial of his motion to suppress his statements. Defendant now seeks review of the order denying his suppression motion. Defendant argues that the deputies induced him "to waive his right to counsel and his right to silence by `promising' they would get him help." He also argues that his statement was the result of a custodial interrogation without
 
 Miranda
 
 warnings.
 

 In reviewing a ruling on a motion to suppress, this Court is generally limited to a determination of "whether the trial court's findings of fact are supported by competent evidence, and whether these findings of fact support the court's conclusions of law."
 
 State v. Pulliam,
 

 139 N.C. App. 437
 
 , 439-40,
 
 533 S.E.2d 280
 
 , 282 (2000)(citation omitted). The Court's review is further limited, where, as here, defendant fails to specifically assign error to the trial court's findings. In such cases, "the facts found will be presumed to be correct and supported by the evidence and thus are binding on appeal."
 
 State v. Tate,
 

 300 N.C. 180
 
 , 184,
 
 265 S.E.2d 223
 
 , 226 (1980)(citations omitted). Therefore, our review is limited to whether the trial court's findings support its conclusions of law.
 

 The trial court made the following pertinent findings of fact:
 

 7. On or about August 8, 2001, at approximately 3:00 p.m., the Guilford County Sheriff's Department received a request to investigate a possible Breaking and Entering and Larceny at the home of Roy Lindsay Case at 7315 Shadyside Drive in Summerfield, NorthCarolina.
 

 10. Upon arrival, Roy Case pointed out the items missing from the home and voluntarily walked through the premises with the Deputy.
 

 16. As part of the Breaking and Entering investigation, and while walking through the home with the permission of the defendant, Detective Shaw observed a marijuana bong or bowl in plain view. Det. Shaw then asked for and received written permission to search the defendant's house.
 

 17. Upon request to search by Detective Shaw, the defendant indicated that he had marijuana and other drug paraphernalia in the home.
 

 18. Upon search of the residence, officers found marijuana seeds and books appearing to contain child pornography.
 

 21. Subsequent to the search of the home, Detective Shaw asked the defendant to go to the Sheriff's Department to discuss the Breaking and Entering and books appearing to contain child pornography.
 

 22. The defendant voluntarily rode with the Detective to the Sheriff's Department, riding in the front seat of the car.
 

 25. The defendant spoke with Detective[s] Shaw and Everett regarding the Breaking and entering and the Detective subsequently arrested the defendant for possession of child pornography.
 

 26. The defendant was read and waived his Miranda rights in writing.
 

 27. The defendant was subsequently interviewed by Detective Shaw and Detective Everett and provided a 12 page written statement confessing to numerous sexual assaults over the past 30 years.
 

 28. The defendant provided oral statements to the Detective and then Detective Shaw prepared written statements which the defendant read, corrected and signed. That this process took many hours due to the lengthy historydisclosed by the defendant.
 

 29. These statements are the subject of this motion to suppress.
 

 38. [T]he defendant testified that he went to the car of Detective Shaw and agreed both verbally and in writing to a search of his home.
 

 39. He was present in the home during the search.
 

 40. Upon the completion of the search, the defendant testified that he agreed to go with Detective Shaw to the Sheriff's Department to speak with them because "It was to my advantage."
 

 41. The defendant testified that he had taken Demerol in the morning before going to work and another tablet in the afternoon, and that he had worked all day.
 

 42. The defendant testified that the Detectives asked him if he had been abused as a child and that he could get help.
 

 43. The defendant testified that the Detectives didn't specify what type of help he could receive and that no specific promise was made to him as to what type of help other than a representation that the help would be outside the court system.
 

 44. The defendant testified that the Detectives told him he could get help if he made a statement and that he thought they meant help outside the court system, but that the type of help was never specified or promised to him.
 

 Based upon those findings, the court concluded:
 

 1. The defendant freely, voluntarily and understandingly waived his Miranda rights and agreed to speak to the Detectives without legal representation.
 

 2. The statements given by the defendant were a result of lawful interrogation by the Detectives and such statements were obtainedwithout violation of the defendant[']s Fourth or Fifth amendment rights or his statutory rights pursuant to chapter 15A of the North Carolina General Statutes.
 

 3. The evidence presented is uncontroverted that the defendant took a prescription drug Demerol twice during the day of August 8, 2001, the amount of dosage taken by the defendant in the afternoon was the same amount taken in the morning which allowed the defendant to work all day. That the defendant testified he took the second dose at approximately 4:00 and signed the statements of confession after midnight. That the medication effects were minimal, diminished or worn off and had no effect on the defendant[']s ability to waive his Miranda rights.
 

 4. The interrogation went on for approximately 10 hours but that the length of the interrogation was not egregious under the circumstances. No element of coercion existed during the interrogation nor were the defendant's rights violated. The length of the time was due to the long history provided by the defendant, which was given orally, then written, and later reviewed by the defendant prior to signing.
 

 5. The defendant is well educated and had every opportunity to cease interrogation, but chose not to.
 

 6. The defendant testified and detectives agreed that there was a discussion that defendant could receive help for pedophilia or psychological needs. The defendant testified that he felt there was an implication that he might not be prosecuted, but the clear testimony is that the defendant inferred this from the detectives' offer of help. Said offer to help the defendant was never stated or promised by the Detectives in the context of deferring prosecution, reducing the charges, or recommending a reduction in his sentence.
 

 Based upon this record, we hold that the court's findings support the trial court's conclusions that the defendant "freely,voluntarily and understandingly" waived his
 
 Miranda
 
 rights; that defendant's statements were a result of a lawful interrogation without coercion or promises as to prosecuting the case. Accordingly, we affirm the trial court's denial of defendant's motion to suppress his statement.
 

 In his next argument, defendant challenges the voluntariness of the consent to search his residence. Defendant, however, failed to assign this issue as error, in violation of N.C. R. App. P. 10(a) ("scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10"). More importantly, defendant has no right to appeal the issue of the voluntariness of his consent to search. Defendant properly preserved his right of appeal from the denial of his motion to suppress his statement and the evidence seized as a result of his statement pursuant to N.C. Gen. Stat. § 15A-979(b)(2003)(This section "permits appellate review of a final order denying a motion to suppress even though judgment has been entered upon a plea of guilty."
 
 State v. Afflerback,
 

 46 N.C. App. 344
 
 , 346,
 
 264 S.E.2d 784
 
 , 785 (1980)). However, defendant's motion to suppress did not encompass the voluntariness of his consent to search, and this issue was not preserved for appeal following his guilty plea. In the absence of preservation of this issue under N.C. Gen. Stat. § 15A-979(b), the defendant has no right of appeal on this issue under N.C. Gen. Stat. § 15A-1444(a2) unless the appeal is of sentencing issues or the defendant had made an unsuccessful motion to withdraw the guilty plea.
 
 State v.Pimental,
 

 153 N.C. App. 69
 
 ,
 
 568 S.E.2d 867
 
 (2002). Neither of these things having been shown, this argument is dismissed.
 

 Affirmed.
 

 Judges HUDSON and THORNBURG concur.
 

 Report per Rule 30(e).